**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. "JAY" BALLENTINE,

Plaintiff,

v.

Case No. 6:26-cv-00376-AGM-RMN

META PLATFORMS, INC.,
ACCENTURE LLP,
TASKUS, INC.,
and GENPACT LIMITED.

Defendants.
_______________________________________ /

**DEFENDANT TASKUS INC.'S TIME SENSITIVE MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant TASKUS, INC. ("TaskUs"), by and through its undersigned counsel, respectfully moves the Court for a 30-day extension of time through April 22, 2026 for TaskUs to file a response to the First Amended Complaint filed by Plaintiff MARVELLE J. "JAY" BALLENTINE ("Plaintiff" or "Ballentine") (ECF No. 19). In support, TaskUs states:

1. Plaintiff initiated this lawsuit on February 17, 2026 by filing his initial Complaint. (ECF No. 1).

2. Plaintiff filed his First Amended Complaint on March 4, 2026. (ECF No. 19).

3. That same day (March 4), Plaintiff mailed a copy of the First Amended Complaint via USPS Priority Mail to TaskUs' registered agent, and filed a "Certificate of Service" with the Court indicating as such. (ECF No. 21).

4. TaskUs received the First Amended Complaint by USPS Priority Mail on March 9, 2026.

5. While TaskUs does not believe service of the First Amended Complaint was proper (and does not waive any arguments to that effect), pursuant to Federal Rule of Civil Procedure 15(a)(3), if service was properly perfected on March 9, 2026, TaskUs' response to the First Amended Complaint would be due on March 23, 2026.

6. As the First Amended Complaint is forty-nine pages and the undersigned has been recently retained, TaskUs requires additional time to evaluate Plaintiff's claims and prepare its response in a meaningful way.

7. Furthermore, there are three other named Defendants in this matter, and additional time would allow the Defendants time to discuss whether consolidated briefing would be appropriate, given the similar nature of claims against the Defendants, thus reducing the need for duplicative filings and promoting judicial economy.

8. As such, TaskUs requests a 30-day extension of time for TaskUs to respond to the Complaint, up to and including April 22, 2026.

9. This request is similar to the Motion filed by co-Defendant, Genpact Ltd., which this Court granted. *See* ECF Nos. 30 and 31. Genpact's response to the Amended Complaint is now due on April 22, 2026. (ECF No. 31). As such, there is no prejudice and this extension will not unduly delay these proceedings.

10. Notably, during conferral on this Motion, Plaintiff advised he would only agree to a 14-day extension, not 30-days. However, Plaintiff provides no reason behind this distinction. The additional 16 days will not prejudice Plaintiff or cause an unreasonable delay in the case.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6(b) provides that the Court, in its discretion for good cause shown, may enlarge a period of time provided by the rules for a party to act, when requested to do so before the expiration of the original period of time to respond or its extension expires. Such authority is within the Court's broad discretion to manage its cases, including scheduling. *See Chrysler Int'l Corp. v. Chemaly*, 280 F. 3d 1358, 1360 (11th Cir. 2002) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*¸ 263 F.3d 1234, 1269 (11th Cir. 2001).

As set forth above, good cause exists for TaskUs' request for an extension of its deadline to respond to the First Amended Complaint, to allow TaskUs to evaluate the allegations against the company and available defenses. Furthermore, additional time would allow TaskUs to confer with the other Defendants to

determine whether consolidated briefings on a Motion to Dismiss would be appropriate, promoting judicial economy. Such a request is made in good faith, will not prejudice any parties, nor cause undue delay to the proceedings.

## CONCLUSION

For the reasons set forth above, Defendant TASKUS, INC. respectfully requests this Court grant a thirty-day extension through and including April 22, 2026, to respond to the First Amended Complaint, without waiver of any defenses or rights it may have under Rule 12 or otherwise.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with Plaintiff by email on March 20, 2026. Plaintiff opposes a 30-day extension, but consents to a 14-day extension. However, given the breadth and complexities of the allegations contained within the First Amended Complaint, Defendant respectfully requests the 30-day as noted in the motion.

Dated: March 20, 2026

Respectfully submitted,

*/s/Stephanie C. Generotti*
Stephanie C. Generotti
Florida Bar No. 112924
stephanie.generotti@ogletree.com
Elizabeth T. Jozsi
Florida Bar No. 119428
elizabeth.jozsi@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 813.221.7239
Facsimile: 813.289.6530
Secondary emails:
angie.jackson@ogletree.com
melissa.salazar@ogletree.com
TAMDocketing@ogletree.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and sent the foregoing via U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Jayballentine@protonmail.com
*Pro se Plaintiff*

*/s/ Stephanie Generotti*
Attorney