FILED - USDC - FLMD - ORL
MAR 23 2026 AM8:55

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

*Plaintiff,*

v. Case No. 6:26-cv-00376-AGM-RMN

META PLATFORMS, INC.; ACCENTURE LLP;
GENPACT LIMITED; and TASKUS, INC.,

*Defendants.*

# PLAINTIFF'S TIME-SENSITIVE MOTION FOR SCHEDULING DIRECTIVE

## REGARDING RULE 26(f) CONFERENCE AND CASE MANAGEMENT REPORT

Plaintiff Marvelle J. Ballentine, proceeding *pro se*, respectfully requests that the Court enter a scheduling directive establishing the timeline and format for the Rule 26(f) planning conference and the Case Management Report required under Local Rule 3.02(a)(2).

**Time-Sensitive Designation (Local Rule 3.01(f)).** Plaintiff respectfully requests a ruling on this motion by April 4, 2026. The Case Management Report deadline under Local Rule 3.02(a)(2) is April 27, 2026, measured from the first defendant's appearance on March 18, 2026. Plaintiff's proposed schedule contemplates circulation of the proposed CMR to all counsel

by April 6, 2026. A ruling before that date is necessary for the parties to proceed under a court-directed framework in advance of the CMR deadline.

**CURRENT STATUS**

1. Defendant Accenture LLP appeared in this action on March 18, 2026, by filing a notice of appearance (Dkt. 27) and a motion to dismiss (Dkt. 29). The 40-day Case Management Report deadline under Local Rule 3.02(a)(2) began running on that date. The CMR is due on or before April 27, 2026.

2. Defendant Genpact Limited appeared on March 19, 2026, by filing a time-sensitive motion for extension of time to respond to the Amended Complaint (Dkt. 31). The Court granted that motion on March 20, 2026 (Dkt. 33), extending Genpact's response deadline to April 22, 2026.

3. Defendant Meta Platforms, Inc. was served with the Complaint via email on March 23, 2026. Meta has not appeared as of the date of this motion. Defendant TaskUs, Inc. has not appeared. Genpact and TaskUs were served with the Amended Complaint on March 4, 2026.

4. On March 20, 2026, Plaintiff delivered to the Clerk the following: Plaintiff's Opposition to Accenture's Motion to Dismiss; and Plaintiff's Notice of Designated Communication Protocol. On the same date, Plaintiff transmitted a written proposal to all counsel proposing that the Rule 26(f) conference be conducted by written exchange, jointly among all appearing parties, with Plaintiff's proposed CMR circulated by April 6 and defendant responses due by April 13. Plaintiff requested confirmation of this structure by March 25, 2026.

## THE COMMUNICATION ENVIRONMENT

5. Plaintiff is proceeding without counsel against four defendants in this action and against additional defendants in a related defamation action before this Court, Case No. 6:26-cv-00286-AGM-DCI. Two of the largest law firms in the country represent defendants across both matters. Orrick, Herrington & Sutcliffe LLP represents both Meta Platforms, Inc. and Genpact Limited in this action. Kirkland & Ellis LLP represents Accenture LLP in this action and represents Defendants Anderson and Keegan in the related defamation action. Multiple attorneys across both firms have appeared, filed motions, or communicated with Plaintiff in connection with these matters.

6. In the weeks preceding the filing of the Amended Complaint in this action, Plaintiff received communications from both Kirkland and Orrick that required review within compressed timeframes. The volume and timing of these communications prompted Plaintiff to phase service of remaining defendants to allow for orderly plaintiff-side case management.

7. In the related defamation action, Case No. 6:26-cv-00286-AGM-DCI, Defendant Anderson's response to the operative pleading was not due until April 3, 2026. Defendant Keegan's response was not due until April 21, 2026. On March 18, 2026 — sixteen days before Anderson's deadline and thirty-four days before Keegan's — Kirkland & Ellis LLP filed a joint motion to dismiss on behalf of both defendants.

8. In this action, Defendant Accenture LLP was never served the Amended Complaint. Notwithstanding the absence of service, Accenture filed a motion to dismiss on March 18, 2026 (Dkt. 29) — the same date Kirkland filed the

joint motion to dismiss in the defamation action. The following day, March 19, 2026, Genpact filed its extension motion without conferral (Dkt. 31).

9. Within a 48-hour window from March 18 to March 19, 2026, Plaintiff — a single individual managing three concurrent dockets — received two dispositive motions filed across two federal cases, a pro hac vice application, and an ex parte extension motion, generated by attorneys at two firms. Plaintiff also received multiple separate communications from Kirkland & Ellis LLP between March 17 and March 18, 2026, addressing distinct procedural matters that could have been consolidated into a single correspondence. This concentration of concurrent litigation activity directed at a single pro se litigant is the factual predicate for the communication protocol filed on March 20, 2026, and for the written exchange format requested in this motion.

10. Between March 17 and March 18, 2026, Plaintiff transmitted settlement offers to Defendants Accenture, Anderson, and Keegan through Kirkland & Ellis LLP. Following those transmissions, Plaintiff received multiple communications from Kirkland in close succession. These included a request that Plaintiff state whether he agreed to the appearance of Defendant Anderson — a named defendant in the related defamation action — as *pro hac vice* counsel in the present civil rights action.

11. On March 18, 2026, Plaintiff served a conferral request regarding potential disqualification of Kirkland & Ellis LLP from both federal matters. Upon reflection, Plaintiff rescinded that conferral on March 19, 2026, out of deference to the defendants' right to retain counsel of their choice. Plaintiff does not intend to pursue disqualification.

12. On March 19, 2026, Plaintiff communicated the designated communication protocol to all counsel. On March 20, 2026, Plaintiff filed a Notice of Designated Communication Protocol and supporting Declaration with this Court. The protocol designates a communication intermediary through whom all correspondence from defense counsel is received and processed. Plaintiff's communications are reviewed on a defined schedule — Monday and Thursday — and all outbound communications are transmitted through the intermediary in PDF format.

13. Kirkland & Ellis LLP raised objections to the protocol as initially communicated and proposed a modification: that counsel copy the intermediary on all correspondence directed to Plaintiff, rather than redirect communications to the intermediary as the primary recipient. *Plaintiff accepted Kirkland's proposed modification* and communicated the revised protocol to all counsel on March 20, 2026.

**WHY A WRITTEN EXCHANGE IS NECESSARY FOR THE RULE 26(f) CONFERENCE**

14. The communication protocol described above exists because the volume, timing, and compressed deadlines of defense communications have required Plaintiff to implement structural protections in order to continue prosecuting these actions. The review schedule — Monday and Thursday — reflects the pace at which a single individual managing three concurrent dockets can responsibly process, evaluate, and respond to litigation correspondence from multiple firms.

15. A telephonic or video Rule 26(f) conference conducted in real time would bypass the communication protocol that is currently in effect and that both firms have been asked to confirm. A real-time conference would require Plaintiff to receive, process, and respond to proposals from counsel for four defendants — two of the largest law firms in the country — without the deliberation time that the protocol is designed to provide.

16. Plaintiff has observed a pattern across both federal matters in which defense counsel communicates conferral requests, extension requests, and other time-sensitive proposals with compressed response deadlines. Each such communication requires Plaintiff's individual review, evaluation, and response. Plaintiff acknowledges that defense counsel is entitled to employ whatever litigation strategy it determines is appropriate. Plaintiff is equally entitled to establish boundaries that allow him to meet his obligations to the Court while managing the demands of multi-party, multi-docket litigation as a sole individual. A written exchange for the Rule 26(f) conference is the least restrictive format that preserves Plaintiff's ability to participate on equal footing.

17. Local Rule 3.02(a)(1) expressly permits the planning conference to be conducted "by comparable means." A written exchange produces a complete record of each party's position, eliminates the asymmetry between a single pro se litigant and multiple defense teams conferring in real time, and is conducive to the deliberation required for meaningful case management proposals.

**THE GENPACT EXTENSION AND THE CONFERRAL REQUIREMENT**

18. Plaintiff provides the following information to supplement the record in connection with the Court's March 20, 2026 order granting Genpact's motion for extension of time (Dkt. 33). Plaintiff does not seek reconsideration of that order. Rather, Plaintiff provides this chronology to inform the Court's oversight of future scheduling and procedural requests in this action.

19. On February 5, 2026, a process server delivered to both Genpact and TaskUs a copy of the proposed operative pleading — the Second Amended Complaint contemplated in the related Northern District of California action, *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 3:25-cv-07671-CRB. The Amended Complaint filed in this action on March 4, 2026 (Dkt. 19) is derived from that document. Both Genpact and TaskUs have had access to the substance of the operative claims since February 5, 2026.

20. On March 4, 2026, Plaintiff transmitted a written communication to all defense counsel, including Orrick, Herrington & Sutcliffe LLP, stating that no extension requests for time to respond to any initial or amended pleading would be granted in any pending matter. That communication set forth the factual basis for this position: both Genpact and TaskUs received the operative claims on February 5, 2026, and by the response deadline would have had approximately 44 days of exposure to those claims — a period that exceeds the aggregate time defendants typically obtain through an initial response period plus a single extension.

21. Diana Fassbender of Orrick, Herrington & Sutcliffe LLP was a named recipient of the March 4, 2026 communication. Ms. Fassbender appears on the docket in this action as counsel for Genpact Limited.

22. On March 19, 2026 — fifteen days after receiving the communication, Ms. Fassbender filed a time-sensitive motion for extension of time on behalf of Genpact (Dkt. 31). The motion was filed without prior conferral with Plaintiff. Local Rule 3.01(g) requires a movant to confer in good faith with opposing parties before filing any motion and to certify that conferral.

23. The absence of conferral foreclosed Plaintiff's opportunity to present the facts set forth in Paragraphs 19 and 20 to the Court before the motion was decided. It also foreclosed Plaintiff's opportunity to propose scheduling conditions — including the timing and format of the Rule 26(f) conference — as part of any negotiated resolution of the extension request. Had conferral occurred, Plaintiff would have proposed the same framework presented in this motion.

24. Orrick, Herrington & Sutcliffe LLP represents both Genpact Limited and Meta Platforms, Inc. in this action. The March 4, 2026 communication was directed to Orrick in connection with its representation of Meta. The firm received that communication, which stated in express terms that no extensions would be granted and identified the specific factual basis for that position. The same firm, through the same attorney who received that communication, subsequently filed Genpact's extension motion without conferring with Plaintiff.

25. The Court's order granting the extension (Dkt. 33) directed all parties to comply with Local Rule 3.01(g)'s conferral requirement. Plaintiff notes the Court's directive and submits this chronology to inform the Court's evaluation of any future scheduling requests.

**PLAINTIFF'S PATTERN OF ACCOMMODATION**

26. Notwithstanding the circumstances described above, Plaintiff has consistently sought to accommodate defense counsel's procedural needs where doing so does not compromise Plaintiff's ability to manage this litigation.

27. On March 20, 2026, after TaskUs requested a 30-day extension of time to respond to the Amended Complaint, Plaintiff declined the 30-day request but offered an additional 14 days — bringing TaskUs's total period of exposure to the operative claims to approximately 59 days from the February 5, 2026 delivery date. This offer was made notwithstanding Plaintiff's stated no-extensions position.

28. On March 19, 2026, Plaintiff rescinded a conferral request regarding disqualification of Kirkland & Ellis LLP from both federal matters, out of deference to the defendants' right to retain counsel of their choice.

29. On March 20, 2026, Plaintiff accepted Kirkland & Ellis LLP's proposed modification to the communication protocol rather than insisting on the protocol as originally communicated or seeking a court order.

30. This pattern of accommodation is consistent with Plaintiff's conduct throughout the related NDCA proceedings. In September 2025, when Meta requested a 30-day extension to respond to the original complaint in Case No. 3:25-cv-07671-CRB, Plaintiff granted 14 days. When Accenture's counsel requested a similar extension the following day, Plaintiff granted 14 days to maintain consistency. In November 2025, when Meta requested a two-week extension to file its reply brief, Plaintiff endorsed the stipulation. Plaintiff also made three separate attempts to engage defendants in resolution discussions between December 2025 and January 2026, each of which was declined.

31. Plaintiff provides this record of accommodation to demonstrate that his request for a court-directed scheduling framework is not adversarial in nature. The conferral process is the sole mechanism available to a pro se plaintiff to negotiate scheduling conditions on equal footing. When that process is bypassed — as it was in connection with the Genpact extension — Plaintiff's only recourse is to seek the Court's intervention. That is the purpose of this motion.

**PLAINTIFF'S PROPOSED SCHEDULE**

32. Plaintiff proposes the following structure for the Rule 26(f) conference and Case Management Report, consistent with the written proposal transmitted to counsel on March 20, 2026:

**Format.** The Rule 26(f) conference shall be conducted by written exchange, consistent with Local Rule 3.02(a)(1). A written exchange produces a complete record of each party's position, preserves Plaintiff's established communication protocol, and is conducive to the deliberation required for meaningful case management proposals in a multi-defendant action involving four defendants, two law firms, and overlapping related proceedings.

**Joint Session.** The conference shall be conducted jointly among all parties who have appeared. There shall not be separate conferences with individual defendants.

**Timeline.** Plaintiff will circulate a proposed Case Management Report to all counsel by April 6, 2026. Each appearing defendant will submit its positions, objections, or modifications by April 13, 2026. The joint Case Management Report will be filed on or before April 27, 2026. If any party's positions differ from

Plaintiff's proposed CMR, the joint report will reflect each party's position on each item, as contemplated by Rule 26(f)(2).

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court enter a scheduling directive providing as follows:

(a) The Rule 26(f) planning conference shall be conducted by written exchange among all appearing parties, jointly, consistent with Local Rule 3.02(a)(1);

(b) Plaintiff shall circulate a proposed Case Management Report by April 6, 2026, and each appearing defendant shall submit its positions by April 13, 2026;

(c) The joint Case Management Report shall be filed on or before April 27, 2026;

(d) Any party that has not appeared as of the date of this motion shall be bound by the resulting schedule upon its appearance and shall not be permitted to seek modification of the Rule 26(f) conference deadlines or the CMR filing date absent a showing of good cause;

(e) Any future request by any party for an extension of time in this action shall be preceded by conferral with Plaintiff, consistent with the Court's order of March 20, 2026 (Dkt. 33) and the requirements of Local Rule 3.01(g); and

(f) No further extension of time to respond to the Amended Complaint shall be granted to any defendant without conferral and without

consideration of the defendant's total period of exposure to the operative claims, including any pre-service access to the substance of those claims.

Plaintiff appreciates the Court's attention to this request and is available to comply with whatever schedule and procedures the Court directs.

Date: March 23, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, Pro Se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## LOCAL RULE 3.01(g) CERTIFICATE

Plaintiff certifies that on March 20, 2026, Plaintiff transmitted a written proposal to all counsel for all defendants regarding the format, structure, and timeline for the Rule 26(f) conference and Case Management Report. Plaintiff requested confirmation by March 25, 2026. As of the date of filing, the parties have not reached agreement on the proposed structure.

Date: March 23, 2026

Respectfully submitted,



Marvelle J. Ballentine
Plaintiff, Pro Se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026 a true and correct copy of the foregoing was served on all counsel of record via CM/ECF and on all served defendants who have not appeared via the method consistent with Rule 5.

Marvelle J. Ballentine