# EXHIBIT B

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

In re Complaint of Judicial Misconduct

Against: The Honorable Anne-Leigh Gaylord Moe, United States District Judge, Middle District of Florida; and The Honorable Daniel C. Irick, United States Magistrate Judge, Middle District of Florida

**COMPLAINT OF JUDICIAL MISCONDUCT**
**Under 28 U.S.C. § 351(a)**

## I. COMPLAINANT AND STATUTORY STANDARD

1. Marvelle J. Ballentine, proceeding pro se, files this complaint under 28 U.S.C. § 351(a). Complainant is a party in three related civil actions in the Middle District of Florida: Case No. 6:26-cv-00376-AGM-DCI, Case No. 6:26-cv-00286-AGM-DCI, and Case No. 5:26-cv-00213-JEP-PRL. Cases 376 and 286 are assigned to Judge Moe and Magistrate Judge Irick. All three cases arise from Facebooks' foreclosure of Plaintiff's right to make and modify contracts on July 4, 2022 under a Child Sexual Exploitation policy designation.

2. This complaint does not challenge the correctness of any ruling. It identifies a pattern of court administration — repeated across two related cases, by two judicial officers, directed exclusively at one party — in which the mechanism of time compression forfeited the pro se plaintiff's procedural rights while producing collateral procedural benefits for the opposing parties. The full docket-documented record is set forth in the motion attached as Exhibit A, including Tables C through G.

## II. THE PATTERN: TIME COMPRESSION AND RIGHTS FORFEITURE

3. Each instance follows the same structure: the court imposed a compressed deadline exclusively on the pro se plaintiff; the deadline forfeited a specific procedural right; and the forfeiture produced a benefit for the defense that the defense did not request and could not have obtained through its own motion practice. This complaint presents the cumulative pattern, not any individual ruling, for evaluation under the statutory standard.

4. **Forfeiture of the right to negotiate discovery concessions.** On March 19, 2026, Defendant Genpact filed a Motion for Extension of Time in

Case 376 (Dkt. 31). The docket reflects no certificate of service and no conferral with Complainant. One day later, Magistrate Judge Norway granted the motion (Dkt. 33), extending Genpact's deadline to April 22, 2026 and imposing conferral obligations on all parties. The docket does not reflect that Complainant was served with the motion or consulted before the court acted. Complainant was not aware the motion existed until after it was granted. In every other case across two federal districts, Complainant had applied a standard fourteen-day extension framework during conferral. The court's grant of a twenty-eight-day extension — without notice, without conferral, without service — eliminated Complainant's ability to negotiate a reciprocal framework for the Rule 26(f) conference. See Exhibit A, ¶¶ 9–10, 17.

5. **Forfeiture of the right to respond on the original timeline.** On February 25, 2026, Magistrate Judge Irick ordered Complainant to file a Second Amended Complaint in Case 286 within seven days (Case 286, Dkt. 18). The order required all claims, all parties, and no incorporation by reference. The seven-day deadline coincided with the defense response deadline. Complainant's compliance mooted the defense's pending obligation. The defense received a deadline reset it did not request, produced by a court order directed at Complainant. See Exhibit A, *Comparative Record.*

6. **Forfeiture of access to discovery.** Two magistrate judges have presided over Case 376. Each denied a motion by Complainant seeking access to discovery as his first substantive action following assignment: Magistrate Judge Norway (Dkt. 18, Feb. 25, 2026) and Magistrate Judge Irick (Dkt. 50, Mar. 24, 2026). An identical motion filed in Case 286 before the same magistrate judge has not been ruled on. See Exhibit A, ¶¶ 2–3, 17, Table C.

7. **Forfeiture of the right to oppose two dispositive motions.** On March 20 and March 27, 2026, Complainant filed timely oppositions to motions to dismiss by Accenture (Dkt. 40) and TaskUs (Dkt. 53) in Case 376 — nineteen and seventeen days before their respective deadlines. On March 30, Magistrate Judge Irick struck both for "failure to comply with Local Rule 3.01(c)" without identifying the deficiency (Dkt. 56; Dkt. 57). The orders imposed an April 6 cure deadline — seven days from entry. The orders threatened unopposed treatment and quoted dismissal-warning language that has never appeared in any order directed to any defendant in Case 376 or Case 286. The cure period was shorter than the original twenty-one-day response period. Accenture's motion was never

properly served — its certificate of service certifies CM/ECF transmission to a pro se plaintiff who is not a CM/ECF registrant and has not consented to electronic service. Fed. R. Civ. P. 83(a)(2) prohibits enforcement of a form requirement in a way that causes rights loss through nonwillful noncompliance. Noncompliance with a requirement the litigant cannot identify is not willful. See Exhibit A, ¶¶ 7–8, 18–22, Tables E and F.

## III. MAIL-DELAY COMPOUNDING AND DEADLINE ALIGNMENT

8. The court knows Complainant receives orders exclusively by U.S. mail — the court's own practice of mailing every docket entry to Complainant confirms this. U.S. mail takes approximately three days. The March 30 orders would have reached Complainant on or about April 2, leaving approximately four days — not seven — to cure an unidentified deficiency in two opposition briefs to dispositive motions, while proceeding pro se without CM/ECF access or electronic alerts. Fed. R. Civ. P. 6(d) reflects a federal policy of accounting for mail transmission time. The court imposed a deadline triggered by its own order, transmitted by U.S. mail, without accounting for the transmission time the Federal Rules recognize. See Exhibit A, ¶¶ 22–24.

9. The April 6 cure deadline resolved Complainant's procedural posture three days before Meta's April 9 response deadline under Fed. R. Civ. P. 15(a)(3). In Case 286, the seven-day SAC order coincided with the defense response deadline and mooted the defense's pending obligation. In both instances, compressed deadlines imposed exclusively on the pro se plaintiff interacted with defense deadlines in ways that produced defense-favorable procedural outcomes. See Exhibit A, ¶ 25, *Comparative Record.*

## IV. ASYMMETRIC ENFORCEMENT AND SUPERVISORY INACTION

10. Nine filings on the Case 376 docket contain identifiable procedural deficiencies. Seven are defense filings. Two are Complainant's. Of the seven defense filings, one received corrective action with identified deficiency, no cure deadline, and no sanctions threat (Dkt. 47). Six received no action. Of the two Complainant filings, both were stricken, deleted, given compressed cure deadlines, threatened with unopposed treatment, and quoted dismissal-warning language. The Dkt. 23 warning language has never been directed to any defendant

in Case 376 or Case 286. See Exhibit A, *Service Record, Asymmetric Enforcement*, Tables E, F, and G.

11. Judge Moe reviewed the docket on March 23, 2026, identified a defense filing on the wrong form (Dkt. 47), and did not address defense service failures affecting Complainant — including certificates certifying CM/ECF transmission to a non-registered pro se plaintiff and filings with no certificates of service. Seven days later, Magistrate Judge Irick deleted Complainant's timely oppositions under her supervision. Judge Moe has taken no supervisory action. See Exhibit A, *Asymmetric Enforcement*.

## V. THIS COMPLAINT IS NOT MERITS-RELATED

12. Rule 4(b)(1) excludes allegations "directly related to the merits of a decision or procedural ruling." The Commentary provides that such allegations — "without more" — are merits-related. This complaint presents the "more": a unidirectional pattern of compressed deadlines imposed exclusively on one party, systematically aligned with opposing-party timelines, compounded by known mail delay, and enforced through deletion, sanctions threats, and dismissal warnings never directed at any other party. The Commentary on Rule 4(b)(2) confirms that "an allegation of a habitual pattern" arising from "an improper motive, is not merits-related." No individual ruling is presented as the misconduct. The pattern of administration is the misconduct.

## VI. PREJUDICE TO THE ADMINISTRATION OF THE COURTS

13. The conduct documented in this complaint is "prejudicial to the effective and expeditious administration of the business of the courts" under 28 U.S.C. § 351(a) because it communicates that procedural rules in the Middle District of Florida are not administered impartially as between pro se plaintiffs and represented defendants. Complainant has alleged in Case 376 that attorneys declined representation because of the CSE designation. The procedural record compounds that barrier. A future litigant who proceeds pro se confronts the same method: compressed deadlines, unidentified deficiencies, mail-delay disregard, and the systematic forfeiture of procedural rights without adjudication on the merits. If unremedied, this conduct does not foreclose justice for one plaintiff — it communicates to every similarly situated person that the process is not administered impartially.

## VII. EXHIBITS

Exhibit A: Plaintiff's Urgent Motion for Recusal and to Identify Deficiency, Toll Cure Period, and Clarify Service, Case No. 6:26-cv-00376-AGM-DCI (as filed), with Tables C through G

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 1, 2026.

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com