**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. "JAY" BALLENTINE,

Plaintiff,

v.

META PLATFORMS, INC., ACCENTURE LLP, TASKUS, INC., and GENPACT USA, INC.,

Defendants. /

Case No. 6:26-cv-00376-AGM-DCI

Judge Anne-Leigh Gaylord Moe

**DEFENDANT ACCENTURE LLP'S**
**MOTION FOR LEAVE TO FILE A REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Rule 3.01(e) of the United States District Court for the Middle District of Florida, Defendant Accenture LLP ("Accenture") moves for leave to file a reply in support of its Motion to Dismiss Plaintiff's Claims (Dkt. No. 29). The requested reply would not exceed seven pages and would be filed by April 13, 2026. Plaintiff has not responded to Accenture's attempt to confer regarding this request.

Plaintiff's initial Opposition to Accenture's Motion to Dismiss was stricken for failure to comply with Local Rule 3.01(c). *See* Dkt. No. 56. The Court directed Plaintiff to submit a compliant response by April 6, 2026. *Id.* Plaintiff's revised Opposition to Accenture's Motion to Dismiss (Dkt. No. 64) ("Plaintiff's

Opposition") is twenty-five pages, which is in excess of the twenty-page limit for a response to a motion pursuant to Local Rule 3.01(c). Thus, Accenture respectfully submits that a seven-page reply would be fair and help clarify the issues that Plaintiff confuses.

Additionally, Accenture respectfully requests leave to address in the reply numerous deficiencies and misapplied case law in Plaintiff's Opposition (Dkt. No. 64), to distinguish such case law from the instant case, and to provide the Court with additional case law that further supports its defenses. The deficiencies in Plaintiff's Opposition include, but are not limited to: (1) misapplication of case law regarding Plaintiff's claim that this case involves factual questions that necessitate discovery; (2) misapplication of case law pertaining to Section 230 of the Communications Decency Act; and (3) the absence of any additional support for Plaintiff's conclusory allegations as to all of his claims.

**WHEREFORE**, Accenture requests that the Court enter an order granting Accenture leave to file a reply brief in support of its Motion to Dismiss Plaintiff's Claims (Dkt. No. 29) not exceeding seven pages and to be filed by April 13, 2026.

Dated: April 7, 2026

Respectfully submitted,

*/s/ Marianna C. Chapleau*
Marianna C. Chapleau
*LEAD COUNSEL*
Florida Bar No. 1059142
KIRKLAND & ELLIS LLP
Three Brickell City Centre
98 S.E. 7th Street, Suite 700
Miami, FL 33131
Telephone: 305 432-5687
Fax: 305 432-5601
mchapleau@kirkland.com

Devin S. Anderson (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: 801 877 8115
Fax: 801 877 8101
devin.anderson@kirkland.com

*Counsel for Defendant Accenture LLP*

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for Defendant Accenture LLP attempted to confer with Plaintiff by email on April 7, 2026. At the time of this filing, Plaintiff has not responded to the conferral email. Undersigned counsel will update this Court should Plaintiff respond to the conferral email.

*/s/ Marianna C. Chapleau*
Marianna C. Chapleau

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2026, I electronically filed the foregoing through the Middle District of Florida's CM/ECF System, which will serve Notice of Filing on all counsel of record. I also certify that I caused a true and correct copy of this motion to dismiss to be served via FedEx to Plaintiff at the address below:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy.
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

*/s/ Marianna C. Chapleau*
Marianna C. Chapleau