FILED-USDC-FLMD-ORL
2026 APR 10 AM 10:51

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

Plaintiff,

v. Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC., ACCENTURE LLP,
GENPACT LIMITED, and TASKUS, INC.,

Defendants.

# PLAINTIFF'S OBJECTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 72(a) TO ENDORSED ORDER (DKT. 80)

**Standard of Review:** Federal Rule of Civil Procedure 72(a) provides that a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A). Legal conclusions are reviewed de novo under the "contrary to law" standard. Each argument presented below raises a legal question subject to de novo review.

## INTRODUCTION

1. On April 9, 2026, Magistrate Judge Daniel C. Irick entered an endorsed order (Dkt. 80) that strikes ten filed documents (Dkts. 69–78), directs the Clerk to "delete" them from the docket, and directs Plaintiff to "refrain from

filing such notices on the docket of this case." The order was entered sua sponte. No party moved to strike.

2. The order cites no rule of procedure. It makes no finding of frivolousness, bad faith, or harassment. It provides no prior notice. It affords no opportunity to be heard. It considers no lesser measure.

3. Four grounds support this objection:

a) The order cites no procedural rule that authorizes striking non-pleading filings and rests on a legal premise—that filings must request relief—that no authority supports.

b) The prospective directive constitutes a filing restriction subject to requirements the Eleventh Circuit has articulated and that the order does not satisfy.

c) The deletion directive removes judicial records from the public docket without satisfying the Eleventh Circuit's public-access framework.

d) A magistrate judge may lack statutory authority to enter a filing restriction directly under 28 U.S.C. § 636(b)(1)(A).

Each ground presents a legal question reviewable de novo.

## STATEMENT OF FACTS

### The Notices

4. On April 7, 2026, Plaintiff transmitted ten documents for in-person filing. See Dkts. 69–78.

5. Each document identified one recipient—a congressional committee, a federal agency, or a member of Congress. Each stated that Plaintiff had

transmitted correspondence to that recipient. Each attached a copy of the correspondence as an exhibit.

6. The ten recipients were: Senate Judiciary Committee, House Judiciary Committee, Congressional Black Caucus, House Energy and Commerce Committee, Senate Commerce Committee, Federal Trade Commission, Department of Justice Child Exploitation and Obscenity Section, Senator Rick Scott, Senator Ashley Moody, Representative Daniel Webster.

7. Each notice expressly stated that no relief was requested from the Court.

8. The notices were backward-looking informational filings. They documented completed transmissions to federal oversight bodies. The correspondence addressed matters arising from the litigation and from Plaintiff's pending § 351 Judicial Misconduct Complaint. The Eleventh Circuit acknowledged the § 351 complaint on April 2, 2026.

**The April 9, 2026 Orders**

9. Three endorsed orders were entered by Magistrate Judge Irick on April 9, 2026.

10. Dkt. 79 struck Plaintiff's refiled oppositions to the Accenture and TaskUs motions to dismiss (Dkts. 63 and 64). The stated ground was exceeding the 20-page limit under Local Rule 3.01(c). The order quoted the dismissal-warning language from Dkt. 23. No cure period was afforded. No party moved to strike.

11. Dkt. 80 struck ten notices of referral (Dkts. 69–78). It directed Plaintiff to "refrain from filing such notices." It directed the Clerk to "delete the documents." No party moved to strike.

12. Dkt. 81 denied Accenture's Motion for Leave to File Reply (Dkt. 67) as moot because Dkt. 79 struck the opposition to which the reply would have been directed.

13. The cumulative effect: Plaintiff's oppositions to both pending motions to dismiss were removed, Plaintiff's record of oversight referrals was removed, and no order entered on April 9, 2026, imposed any obligation on any defendant.

## LEGAL ARGUMENT

### A. No Procedural Rule Authorizes the Order, and the Stated Rationale Has No Support in Law

#### Rule 12(f) Does Not Reach Non-Pleading Filings

14. Federal Rule of Civil Procedure 12(f) provides: "The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

15. Federal Rule of Civil Procedure 7(a) exhaustively defines "pleadings" as: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer. Notices are not pleadings.

16. Courts in this district have held that Rule 12(f) "is limited to the matters contained within the pleadings." *Croom v. Balkwill*, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009). "A motion is not a pleading, and thus a motion to strike a motion is not proper." *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla.

1996). *See also McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003). If Rule 12(f) does not authorize striking a motion, it does not authorize striking a notice.

**The "No Relief Requested" Rationale Contradicts the Federal Rules**

17. Dkt. 80 states: "Plaintiff's notices attach correspondence to non-parties and state that no relief is requested. Thus, there is no basis to file such documents on the docket of this case."

18. The premise is false. The Federal Rules and Local Rules require or authorize numerous non-relief-seeking filings, including corporate disclosure statements (Rule 7.1), notices of supplemental authority (Local Rule 3.01(j)), notices of deposition (Rule 30(b)(1)), certificates of service (Rule 5(d)), and case management reports (Rule 26(f)). No authority supports the premise that a filing must request relief to have a basis on the docket.

**Inherent Authority Requires Procedural Safeguards**

19. If the order rests on the court's inherent authority rather than Rule 12(f), that authority is constrained. The Supreme Court has held that inherent powers "must be exercised with restraint and discretion" and that a court exercising inherent authority "must comply with the mandates of due process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 50 (1991). The Eleventh Circuit has held that "[i]nvocation of a court's inherent power requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). For sua sponte sanctions, the conduct must be "akin to contempt." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255–56 (11th Cir. 2003).

20. Dkt. 80 contains no prior notice. It affords no opportunity to respond. It makes no finding of bad faith. It identifies no conduct akin to contempt. It cites no rule violated. It considers no lesser measure. The order is contrary to law.

**B. The Prospective Directive Is a Filing Restriction That Fails Every Procup/Miller Requirement**

21. Dkt. 80 directs: "Plaintiff shall refrain from filing such notices on the docket of this case."

22. The Eleventh Circuit, sitting en banc, established binding requirements for any order restricting a litigant's future filings in *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986) (en banc). The court reinforced these requirements in *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), and *Cofield v. Alabama Public Service Commission*, 936 F.2d 512 (11th Cir. 1991). The Eleventh Circuit looks to the substance and effect of an order, not its label.

23. A directive to "refrain from filing" a category of documents is substantively a prospective filing restriction regardless of how it is styled.

24. The following table compares Dkt. 80 against the binding requirements:

| **Requirement** | **Controlling Citation** | **Dkt. 80** |
| --- | --- | --- |
| Notice and opportunity to respond | *Procup*, 792 F.2d at 1071–72 | None |
| Finding of frivolousness, | *Procup*, 792 F.2d at 1071; *Miller*, 541 F.3d at 1096 | None |

| | | |
|---|---|---|
| harassment, or abuse | | |
| Adequate record of prior misconduct | *Procup*, 792 F.2d at 1071; *Miller*, 541 F.3d at 1098 | None |
| Narrow tailoring | *Procup*, 792 F.2d at 1072, 1074; *Miller*, 541 F.3d at 1098 | Categorical prohibition |
| Consideration of lesser measures | *Procup*, 792 F.2d at 1072–73 | None |

25. The order satisfies none of the five requirements. It imposes a categorical prohibition on a type of filing on the first occasion of that filing type, without prior warning, without any finding of abuse, and without considering any alternative measure.

**Narrow Tailoring and Chilling Effect**

26. The notices documented Plaintiff's transmissions of correspondence to members of Congress and federal executive-branch agencies—activity protected by the First Amendment's Petition Clause. U.S. Const. amend. I. The prospective directive does not prohibit the underlying transmissions; it prohibits Plaintiff from filing court documents that record them. A restriction on filings documenting the exercise of a constitutional right implicates the narrow-tailoring requirement with particular force.

27. A filing restriction must "bear some relationship to the litigant's objectionable actions in pending suits, and cannot be wholesale restrictions." *Miller*, 541 F.3d at 1098. A categorical prohibition on notices that do not request

relief and that document communications with federal oversight bodies does not satisfy this standard.

### C. The Magistrate Judge May Lack Statutory Authority to Enter a Filing Restriction Directly

28. The Eleventh Circuit consistently characterizes orders restricting a litigant's future filings as injunctions. *See Miller*, 541 F.3d at 1096 (reviewing "filing injunction"); *Procup*, 792 F.2d at 1073 (grounding the power to enter filing restrictions in the All Writs Act, 28 U.S.C. § 1651). A filing restriction prohibits future conduct. It is functionally injunctive.

29. Under 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief." Motions for injunctive relief are among the enumerated categories excepted from a magistrate judge's authority to hear and determine directly.

30. If a filing restriction is functionally injunctive, it falls within the category of matters excepted from a magistrate judge's direct authority under § 636(b)(1)(A). The proper procedure would be a report and recommendation under § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), subject to de novo review by the district judge.

31. No published Eleventh Circuit opinion directly addresses whether a magistrate judge's filing-restriction order entered without a report-and-recommendation procedure exceeds the magistrate judge's statutory authority. The text of § 636(b)(1)(A) and the Eleventh Circuit's characterization of filing

restrictions as injunctive support the conclusion that Dkt. 80 was entered outside the magistrate judge's direct authority.

**D. The Deletion Directive Implicates the Public-Access Framework**

32. Dkt. 80 directs: "The Clerk is directed to delete the documents."

33. The common-law right of public access to judicial records extends to pretrial filings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001). "There is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Restriction requires good-cause balancing. *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019).

34. Local Rule 1.11 governs sealing: it imposes a presumption of public access, requires a necessity finding, and requires consideration of less-restrictive alternatives. Sealing preserves the docket entry and permits later unsealing. Deletion removes all trace of the filing's existence. No Local Rule, Administrative Order, or CM/ECF procedure authorizes deletion as distinguished from sealing.

35. Dkt. 80 contains no determination whether the documents are judicial records. It contains no good-cause balancing. It contains no consideration of public-access interests. It contains no consideration of less-restrictive alternatives. It contains no specific findings.

36. The deletion directive is contrary to law.

**E. The Order Compounds the Documented Pattern of Asymmetric Enforcement**

37. Plaintiff's recusal motion (Dkt. 61) and pending § 351 Complaint documented a pattern of asymmetric enforcement through tabulated docket analysis. The April 9, 2026, orders extend the pattern.

38. The record is documented. The recusal motion (Dkt. 61, Tables C through G) identifies every filing on the docket with an identifiable procedural deficiency and the Court's action or inaction on each. Every order striking a filing has been directed at Plaintiff. Every order deleting a filing has been directed at Plaintiff. Every dismissal warning has been directed at Plaintiff. Every prospective restriction has been directed at Plaintiff. No order entered on the Case 376 docket has imposed any obligation, cure deadline, warning, or restriction on any defendant.

**RELIEF REQUESTED**

The Court should:

A. Set aside Dkt. 80 in its entirety as contrary to law.

B. Direct the Clerk to restore Dkts. 69–78 to the public docket.

C. Vacate the prospective directive prohibiting Plaintiff from filing notices of referral.

D. In the alternative, if the Court determines that any component of the order is proper, specify the rule of procedure, the required findings, and the procedural basis that support that component.

E. Grant such other relief as is consistent with applicable law.

Dated: April 10, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy. #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
Email: jayballentine@protonmail.co

## LOCAL RULE 3.01(g) CERTIFICATION

The relief sought is an objection to a sua sponte judicial order. No party moved for the relief the order grants. Conferral is inapplicable.

Marvelle J. Ballentine

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2026 I filed the foregoing with the Clerk of Court. All counsel of record are registered CM/ECF users and will be served electronically through the Court's CM/ECF system upon docketing.



Marvelle J. Ballentine