FILED - USDC - FLMD - ORL
APR 22 2026 PM3:23

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. "JAY" BALLENTINE,

*Plaintiff,*

v. Case No. 6:26-cv-00376-AGM-DCI

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

*Defendants.*

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND HOLD RULE 26(f) REQUIREMENTS IN ABEYANCE (Dkt. 92)

The Joint Motion asks this Court to stay all discovery on the premise that the pending motions to dismiss are sufficiently dispositive to justify halting discovery. That premise depends on preliminary answers to two unresolved questions of federal statutory construction:

(1) Does § 230 bar Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, and 1985(3), where § 230(e)(3) limits preemption to "any State or local law," and where Plaintiff's claims do not treat Meta as the publisher or speaker of third-party content?

(2) If § 230 reaches, does it govern CSE-designated enforcement actions, or does 18 U.S.C. § 2258B—the statute Congress enacted specifically for that

conduct—supply the operative immunity framework? That question cannot be answered without first identifying which CSE lane governed the July 4, 2022 enforcement action.

Neither question has been briefed by any Defendant. Neither is resolved by controlling Eleventh Circuit authority in the context presented. A stay on that premise is not routine scheduling.

## I. THE RELIEF REQUESTED IS NOT ROUTINE SCHEDULING

Defendants frame the stay as a calendar measure. On this record, a blanket stay would rest on at least four threshold propositions the Joint Motion does not address:

(1) that § 230 reaches Plaintiff's federal civil-rights claims notwithstanding § 230(e)(3)'s "State or local law" limitation and § 230(c)(1)'s reach only to publisher or speaker conduct;

(2) that § 230 applies identically to both CSE enforcement lanes Defendants' own motions describe, such that the Court need not identify which lane governed the July 4, 2022 action before granting a § 230-based stay;

(3) that no threshold discovery is warranted even though the identity of the responsible vendor and the classification assigned to Plaintiff's matter remain within Defendants' exclusive possession; and

(4) that personal-jurisdiction objections warrant halting discovery altogether rather than permitting limited jurisdictional discovery. A blanket stay

would therefore function as a preliminary commitment to propositions the motion leaves undeveloped.

## II. THE TEXTUAL LIMITATION OF § 230(e)(3)

Section 230(e)(3) provides: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Plaintiff's principal claims arise under 42 U.S.C. §§ 1981, 1982, and 1985(3)—federal statutes whose core protections originated in the Civil Rights Act of 1866.

Defendants cite no controlling Eleventh Circuit decision holding that § 230 bars claims under those provisions when the claims do not seek to treat any Defendant as the publisher or speaker of third-party content. The Eleventh Circuit's only published § 230 decision, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316 (11th Cir. 2006), arose on state-law claims and affirmed on independent state-law grounds without reaching § 230's applicability. The Eleventh Circuit's unpublished § 230 decisions likewise involve state-law claims.

## III. § 230(c)(1) REACHES PUBLISHER OR SPEAKER CONDUCT

Section 230(c)(1) provides that no interactive computer service shall be "treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 itself is titled "Protection for private blocking and screening of offensive material." The

immunity by its terms reaches a platform's conduct as publisher or speaker of third-party content.

Plaintiff's claims do not treat Meta as the publisher or speaker of any third-party content. They arise from Meta's own conduct—a CSE classification applied to Plaintiff's account and the enforcement action that followed. The Joint Motion identifies no material—offensive or otherwise—by exhibit, declaration, or record citation. Whether § 230(c)(1) extends to conduct of that character is a threshold question any § 230-based dismissal must confront. It has not been briefed.

## IV. THE TWO CSE ENFORCEMENT LANES

Defendants' motions establish—as their own affirmative statements—that Meta operates two distinct CSE enforcement lanes. Meta's motion states that, under its CSE policy, Meta "prohibits and removes content beyond its statutory reporting requirements to NCMEC." Dkt. 85 at 4. Meta reports "some CSE violations" to NCMEC, not all. *Id.* at 18. The Accenture, and TaskUs motions adopt the same bifurcation. *See* Dkt. 29 at 4; Dkt. 48 at 3–4.

None of the motions identifies which lane governed the July 4, 2022 enforcement action. The reporting lane is regulated by 18 U.S.C. §§ 2258A and 2258B, which together supply the reporting, preservation, and immunity framework Congress enacted for CSE-designated matters. The beyond-reporting moderation lane is not. Whether § 230(c)(1) operates identically across both lanes, or whether conduct within the reporting lane requires separate analysis under § 2258B's more specific immunity framework, is a structural question any § 230-

based dismissal must confront. A stay premised on § 230 as a complete bar skips that question.

## V. PERSONAL JURISDICTION AUTHORIZES LIMITED JURISDICTIONAL DISCOVERY

The Eleventh Circuit recognizes that a plaintiff confronting a genuine personal-jurisdiction challenge is entitled to reasonable jurisdictional discovery. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). The authority Defendants cite, *McCullough v. Royal Caribbean Cruises, Ltd.*, 2017 WL 6372619 (S.D. Fla. Jan. 11, 2017), stayed merits discovery while permitting jurisdictional discovery. That is materially different from the blanket freeze requested.

## VI. CONCLUSION

The Joint Motion asks the Court to stay discovery on the strength of § 230, yet Defendants' own motions to dismiss establish a threshold factual question the stay motion does not acknowledge: which of the two CSE enforcement lanes governed the July 4, 2022 action. That question is not a merits issue to be resolved after discovery closes — it is a classification question that determines which federal immunity framework applies, and it cannot be answered from the current record. The motion further asks the Court to treat § 230 as a complete bar where § 230(e)(3) limits preemption to "any State or local law," where Plaintiff's claims arise under federal civil-rights statutes, and where Plaintiff's claims do not treat any Defendant as the publisher or speaker of third-party content. A discovery-stay

motion that engages none of these textual predicates is not the vehicle to resolve them.

The Joint Motion should be denied.

If the Court is inclined to limit discovery, the disciplined course is not a blanket freeze. It is a narrow order preserving the stay of merits discovery while permitting only threshold discovery into:

(i) personal jurisdiction as to Meta and Genpact;

(ii) the identity of the vendor that conducted the final review of Plaintiff's account on or about July 4–5, 2022; and

(iii) the reportability assessment, classification determination, and subsequent disposition of that enforcement action, including whether any CyberTipline report was transmitted pursuant to 18 U.S.C. § 2258A.

Date: April 22, 2026

Respectfully submitted,



Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.



Marvelle J. Ballentine
Plaintiff, *pro se*