**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

      Plaintiff,

    v.                           Case No. 6:26-CV-00376-AGM-DCI

META PLATFORMS, INC.,
ACCENTURE LLP, GENPACT
LIMITED, and TASKUS, INC.,

      Defendants.

---

**Uniform Case Management Report**

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.    Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via email beginning with Plaintiff's proposal on March 25, 2026. Marianna C. Chapleau and Devin S. Anderson communicated for Defendant Accenture LLP ("Accenture"), and Plaintiff represented himself in communications.

**2.    Deadlines and Dates**

**Plaintiff's Position:**

Plaintiff requests the following deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 14 days after entry of the CMSO. |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 75 days after entry of the CMSO. |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 180 days after entry of the CMSO. |
| | Defendant | 210 days after entry of the CMSO. |
| | Rebuttal | 225 days after entry of the CMSO. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 240 days after entry of the CMSO. |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 270 days after entry of the CMSO. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br><br> Enter mediator's name, address, and phone number. | | 255 days after entry of the CMSO. Mediator to be agreed by the parties at a later date. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 330 days after entry of the CMSO. |

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 337 days after entry of the CMSO. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 345 days after entry of the CMSO. |
| Month and year of the trial term. | 390 days after entry of the CMSO. |

Plaintiff opposes any stay of discovery. This District does not automatically stay discovery pending Rule 12 motions. Plaintiff's deadlines are anchored to the CMSO, not to resolution of any defendant's motion. Plaintiff may seek leave to amend within the amendment deadline, which may alter the posture of all pending motions.

**Defendant Accenture's Position:**

Accenture contends discovery should be stayed as unduly burdensome and unnecessary at this time primarily because Accenture's Motion to Dismiss is entirely dispositive of this matter, and "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins[,]" *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Furthermore, courts have "broad discretion to stay discovery 'until preliminary questions that may dispose of the case are determined.'" *Grant v. Ocwen Loan Servicing, LLC.*, No. 3:15-CV-1376-J-34PDB, 2016 WL 8997474, at *1 (M.D. Fla. May 10, 2016). Even if Accenture's Motion to Dismiss does not dispose of this entire action, it likely will substantially narrow the scope for any remaining claims. Accordingly, Accenture anticipates filing a Motion to Temporarily Stay Discovery after filing this report.

Thus, Defendant Accenture requests the following deadlines and dates to commence after the Court rules on Accenture's Motion to Dismiss:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 14 days after resolution of Accenture's Motion to Dismiss. |

3

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 30 days after resolution of Accenture's Motion to Dismiss. |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<div align="right">Plaintiff</div> | 150 days after resolution of Accenture's Motion to Dismiss. |
| <div align="right">Defendant</div> | 180 days after resolution of Accenture's Motion to Dismiss. |
| <div align="right">Rebuttal</div> | 195 days after resolution of Accenture's Motion to Dismiss. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 210 days after resolution of Accenture's Motion to Dismiss. |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 240 days after resolution of Accenture's Motion to Dismiss. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 225 days after resolution of |

| | |
|---|---|
| Mediator to be agreed to by the parties at a later date. | Accenture's Motion to Dismiss. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | Enter a date. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 330 days after resolution of Accenture's Motion to Dismiss. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 360 days after resolution of Accenture's Motion to Dismiss. |
| Month and year of the trial term. | 390 days after resolution of Accenture's Motion to Dismiss. |

The trial will last approximately 5-7 days and be

☒   jury.

☐   non-jury.

**3.    Description of the Action**

**Plaintiff's Description:**

The First Amended Complaint alleges five causes of action: (1) 42 U.S.C. § 1981 — advertising contracts; (2) 42 U.S.C. § 1981 — third-party contracts; (3) 42 U.S.C. § 1982 — personal property; (4) 42 U.S.C. § 1983 — constitutional rights under color of state law; and (5) 42 U.S.C. § 1985(3) — conspiracy. Plaintiff alleges that on July 4, 2022, Meta permanently terminated Plaintiff's paid advertising account under its Child Sexual Exploitation policy after an identity-visible review. No content was identified. No CyberTipline report was filed. Similarly situated white users flagged under the same policy were restored.

**Defendant Accenture's Description:**

The First Amended Complaint alleges claims for: (1) 42 U.S.C. § 1981–interference with right to make, enforce, and modify advertising contracts; (2) 42 U.S.C. § 1981– interference with right to make and enforce third-party contracts; (3) 42 U.S.C. § 1982 – interference with right to hold and convey personal property; (4) 42 U.S.C. § 1983 – deprivation of constitutional rights under color of state law;  and (5) 42 U.S.C. § 1985(3) – conspiracy to deprive plaintiff of civil rights.  Plaintiff alleges that Meta and its enforcement vendors Accenture, TaskUs, Inc., and Genpact operated a pipeline that permanently branded innocent Black entrepreneurs as child predators while quietly restoring white users flagged under the same policy, including one with a confirmed CSE violation.

**4.      Disclosure Statement**

☒   Each party has filed a disclosure statement using the required form.

**5.      Related Action**

☒    The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.      Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐   The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒   The parties do not consent.

### 7.    Preliminary Pretrial Conference

☒   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

### 8.    Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

### 9.    Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐   Yes.

☒   No; instead, Defendant Accenture objects to the timing of Initial Disclosures as overly burdensome and unnecessary because its Motion to Dismiss may eliminate the need for any disclosures.  As such, Defendant Accenture submits in good faith that this requirement should be stayed until after the Court rules on its Motion to Dismiss.

**Plaintiff's Position:** Plaintiff proposes initial disclosures within 14 days of entry of the CMSO. No modifications to default requirements. Plaintiff opposes Accenture's request to stay disclosures.

B. Discovery may be needed on these subjects:

**Plaintiff's Position:**
Enforcement event records: queue-assignment records, review-session telemetry, tool-access logs, and audit trail records for Plaintiff's account on July 4–5, 2022.

CyberTipline reporting: whether any Defendant submitted a CyberTipline report under 18 U.S.C. § 2258A for the July 4, 2022 enforcement event.

Vendor contracts and SOPs: contracts and standard operating procedures for CSE enforcement, human review, identity verification, and reportability classifications.

Training materials: materials for content moderation reviewers on CSE enforcement, including reportable versus non-reportable criteria and identity visibility during review.

Comparator data: enforcement outcomes for similarly situated users flagged under the same CSE policy during Q3 2022.

Disparity monitoring: any internal analysis of enforcement outcomes by user race or race proxies, including the absence of such analysis.

Communications regarding Plaintiff: communications among Defendants concerning Plaintiff, his account, or the enforcement event, from July 4, 2022 to present.

**Defendant Accenture's Position:**
As discussed above in Section 2, Defendant Accenture objects to discovery at this time because its Motion to Dismiss may eliminate the need for discovery, and this requirement should be stayed until the Court rules on its Motion to Dismiss.

C. Discovery should be conducted in phases:

**Defendant Accenture's Position:** Accenture objects to phased discovery and contends discovery should be stayed pending resolution of its Motion to Dismiss.

☒   No.

**Plaintiff's Position:**

☒   Yes; describe the suggested phases.

**Plaintiff proposes two phases:**

Phase 1 — Vendor Defendants (Days 1–150 from CMSO). Enforcement sequence, CyberTipline determination, contracts, SOPs, training, QA. Rule 30 and 30(b)(6) depositions of each Vendor Defendant.

Phase 2 — Meta (Days 120–240 from CMSO). Platform-level policies, comparator treatment, disparity monitoring. 30-day overlap with Phase 1. Rule 30(b)(6) deposition of Meta.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

**Defendant Accenture's Position:**

☒  No.

**Plaintiff's Position:**

☒  Yes; describe the issue(s).

**Plaintiff's Position:** Enforcement telemetry and audit trail data are maintained in database formats. The parties should confer within 30 days of the CMSO on production format and search methodology. Plaintiff proposes production in native format or single-page TIFF with extracted text and standard metadata fields.

E. ☐  The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The parties will comply with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. If necessary, the parties may later request entry of a Rule 502(d) order.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.

**Plaintiff's Position:**

Plaintiff reserves the right to seek leave for additional interrogatories under Rule 33(a) given the four-defendant structure of this action.

☐  Yes; describe the stipulation.

10.    **Request for Special Handling**

⊠   The parties do not request special handling.

☐    The parties request special handling. Specifically, describe requested special handling.

☐    Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11.    Certification of familiarity with the Local Rules

⊠   The parties certify that they have read and are familiar with the Court's Local Rules.

## 12.    Signatures

/s/ *Marvelle Ballentine*
Marvelle J. Ballentine
Plaintiff, *pro se*
4/27/2026

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau, Esq.
Counsel for Defendant Accenture LLP
4/27/2026

/s/ *Devin S. Anderson*
Devin S. Anderson, Esq.
Counsel for Defendant Accenture LLP
4/27/2026

10