Marvelle J. Ballentine,
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: 407-794-6503
Email: jayballentine@protonmail.com
Plaintiff, *pro se*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVELLE J. BALLENTINE, | Case No. 3:26-cv-05939-RFL |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| META PLATFORMS, INC.; ACCENTURE LLP; TASKUS, INC.; and GENPACT LIMITED, | Date: August 11, 2026 Time: 10:00 a.m. Courtroom: Courtroom 4, 17th Floor |
| Defendants. | Judge: Hon. Rita F. Lin |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on August 11, 2026, at 10:00 a.m., in Courtroom 4, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Rita F. Lin, or as soon thereafter as the matter may be heard, Plaintiff Marvelle J. Ballentine will and hereby does move this Court for an order under Federal Rule of Civil Procedure 15(a)(2) granting leave to file the proposed Second Amended Complaint attached as Exhibit 1.

Plaintiff respectfully requests that the Court determine this Motion on the papers and without oral argument pursuant to Civil Local Rule 7-1(b), and that the Court vacate any hearing set on this Motion.

In the alternative, should the Court determine that oral argument is necessary, Plaintiff notes that all parties are located outside this District and respectfully requests, pursuant to the Court's Standing Order for Civil Cases, that any hearing be conducted by video conference.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Marvelle J. Ballentine, the Proposed Second Amended Complaint (Exhibit 1), the redlined comparison (Exhibit 2), the pleadings and records on file, and any further matters the Court may consider.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff seeks an order granting leave under Federal Rule of Civil Procedure 15(a)(2) to file the Proposed Second Amended Complaint attached as Exhibit 1, and directing that the Proposed Second Amended Complaint be deemed filed as of the date of the Court's order.

**STATEMENT OF THE ISSUE TO BE DECIDED (Civil L.R. 7-4(a)(3))**

Whether the Court should grant Plaintiff leave under Federal Rule of Civil Procedure 15(a)(2) to file the Proposed Second Amended Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff moves for leave to file the Proposed Second Amended Complaint attached as Exhibit 1. The amendment is sought at the earliest practicable stage of this action in this Court: no response to the operative pleading is pending, no scheduling order has issued, and the initial case management conference has not occurred. The amendment narrows the pleading to a single count and conforms the pleading to this forum. Leave should be granted.

**II.      STATEMENT OF RELEVANT FACTS**

This action was transferred to this Court from the United States District Court for the Middle District of Florida. On June 3, 2026, the transferring court granted transfer and directed the Clerk to terminate all pending motions and deadlines and to close the transferring court's case. The action was transferred on June 4, 2026 and docketed in this Court on June 17, 2026 under Case No. 3:26-cv-05939. As of the filing of this Motion, no motion to dismiss, answer, or other response to the First Amended Complaint is pending before this Court; all motions pending at the time of transfer were terminated by the transferring court's order. No scheduling order under Federal Rule of Civil Procedure 16(b) has issued in this Court, and no deadline to amend pleadings has been set. The Initial Case Management Conference is set for September 23, 2026, and the Case Management Statement is due September 16, 2026. Plaintiff has amended the complaint once, in the First Amended Complaint, and this is Plaintiff's first request for leave to amend in this Court.

The Proposed Second Amended Complaint reduces the pleading to a single count under 42 U.S.C. § 1981 for interference with the right to make and enforce contracts with third parties, and conforms the caption, jurisdiction, venue, and personal-jurisdiction allegations to this Court. A redlined comparison of the Proposed Second Amended Complaint against the First Amended Complaint is attached as Exhibit 2. Because the Proposed Second Amended Complaint is a substantial restatement that narrows the action to a single count, the comparison reflects revision throughout.

### III.    ARGUMENT

#### A.    Rule 15(a)(2) directs that leave be freely given.

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave when justice so requires." The Ninth Circuit applies this policy with liberality. Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013). Leave is evaluated under the factors identified in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith or dilatory motive,

repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and futility. The party opposing amendment bears the burden of showing that leave should be denied. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987).

**B.      The Foman factors support leave.**

No undue delay. Plaintiff seeks leave at the outset of proceedings in this Court, before any response to the operative pleading, before any scheduling order, and before the initial case management conference.

No bad faith or dilatory motive. The amendment narrows the pleading and conforms it to this forum. It does not expand the action or introduce delay.

No prejudice. Prejudice is the touchstone of the Rule 15 inquiry, and there is a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). No Defendant has answered, no scheduling order has issued, no discovery framework has been set, and the case management conference has not occurred. Defendants face no prejudice from an amendment filed at this stage.

No repeated failure to cure. This is Plaintiff's first request for leave to amend in this Court.

**C.      Futility is not a basis to deny leave here.**

The sufficiency of the Proposed Second Amended Complaint is properly tested on a motion under Rule 12 directed to the amended pleading once filed. It is not a basis on which to deny leave. Granting leave permits any challenge to the sufficiency of the pleading to be presented against a single operative pleading conformed to this forum.

**D.      The amendment conforms the pleading to this forum and narrows the action.**

The operative First Amended Complaint was drafted for the transferring forum. The Proposed Second Amended Complaint conforms the caption, jurisdictional basis, venue, and personal-

jurisdiction allegations to this Court, and narrows the action to a single count. Permitting the amendment secures the just, speedy, and inexpensive determination of the action. Fed. R. Civ. P. 1.

**E.      The Proposed Second Amended Complaint complies with the applicable rules.**

The Proposed Second Amended Complaint reproduces the entire pleading and does not incorporate any prior pleading by reference, in compliance with Civil Local Rule 10-1. A redlined comparison against the First Amended Complaint is filed concurrently as Exhibit 2, in compliance with the Court's Standing Order for Civil Cases.

**IV.      CONCLUSION**

Plaintiff respectfully requests that the Court grant leave to file the Proposed Second Amended Complaint attached as Exhibit 1, deem that pleading filed as of the date of the Court's order, and determine this Motion on the papers without oral argument.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I electronically filed the foregoing NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARVELLE J. BALLENTINE; and EXHIBITS 1–2 with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: July 6, 2026                                          Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com