Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, *pro se*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.

META PLATFORMS, INC.; ACCENTURE LLP;
TASKUS, INC.; and GENPACT LIMITED,

    *Defendants.*

Case No.  3:26-cv-05939-RFL
Hon. Rita F. Lin

## PLAINTIFF'S STATUS REPORT IN RESPONSE TO

## THE COURT'S ORDER OF JUNE 30, 2026 (DKT. 140)

Pursuant to the Court's Order of June 30, 2026 (Dkt. 140), Plaintiff Marvelle J. Ballentine submits this report individually, as the Order permits. The report identifies the motions that remain pending in this action, states Plaintiff's position on the motions terminated at transfer, states Plaintiff's position on consolidated briefing, and proposes page limits and a briefing schedule.

### I.    PROCEDURAL HISTORY

1. This action commenced in the Middle District of Florida on February 17, 2026, and was transferred to this District on June 3, 2026 (Dkt. 121). The action was docketed in this District on June 17, 2026 (Dkt. 123), and was reassigned to this Court on June 30, 2026 (Dkt. 138).

1

2.    Table 1 identifies the principal filings bearing on the questions presented by the Court's Order, and the disposition of each.

**Table 1: Filings and Dispositions**

| Dkt. | Date | Filing | Disposition |
|------|------|--------|-------------|
| 19 | 03/04/26 | First Amended Complaint | Operative pleading |
| 29 | 03/18/26 | Accenture LLP motion to dismiss | Terminated without adjudication (Dkt. 121) |
| 48 | 03/26/26 | TaskUs, Inc. motion to dismiss | Terminated without adjudication (Dkt. 121) |
| 85 | 04/09/26 | Meta Platforms, Inc. motion to dismiss | Terminated without adjudication (Dkt. 121) |
| 87 | 04/09/26 | Meta Platforms, Inc. motion to transfer venue | Granted, unopposed (Dkt. 121) |
| 92 | 04/21/26 | Joint motion to stay discovery and hold Rule 26(f) requirement in abeyance | Terminated without adjudication (Dkt. 121) |
| 96 | 04/22/26 | Genpact Limited motion to dismiss | Terminated without adjudication (Dkt. 121) |
| 99 | 04/22/26 | Plaintiff's opposition to Dkt. 92 | Filed |
| 102 | 04/27/26 | Case management report (Plaintiff and Accenture) | Filed |
| 103 | 04/30/26 | Report and recommendation re Dkt. 92 | Not adopted; objections unresolved at transfer |
| 104 | 05/01/26 | Order temporarily staying discovery pending resolution of Dkt. 92 | Expired by its terms upon termination of Dkt. 92 |
| 105 | 05/04/26 | Plaintiff's motion for leave to amend | Terminated (Dkt. 121); superseded by Dkt. 141 |
| 108 | 05/08/26 | Plaintiff's cross-motion to transfer this action in its entirety to this District | Denied without prejudice (Dkt. 110) |
| 113 | 05/12/26 | Plaintiff's Rule 72(b) objections to Dkt. 103 | Unresolved at transfer |
| 115 | 05/20/26 | Plaintiff's motion to resolve transfer before the merits motions | Terminated (Dkt. 121) |
| 121 | 06/03/26 | Order granting transfer; all pending motions and deadlines terminated | — |
| 139 | 06/30/26 | Order setting case management conference | Operative schedule |
| 141 | 07/06/26 | Plaintiff's motion for leave to file Second Amended Complaint | Pending; to be decided on the papers (Dkt. 144) |

3.    Apart from the order granting transfer, no motion filed in this action was adjudicated before transfer.

**II.      PENDING MOTIONS AND POSITIONS**

4.     One motion is pending in this action: Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 141), filed July 6, 2026. The motion hearing was vacated, and the motion will be decided on the papers (Dkt. 144).

5.     No other motion is pending. The motions pending in the Middle District of Florida at the time of transfer were terminated by the transfer order, which directed the Clerk to "terminate all pending motions and deadlines" (Dkt. 121). Plaintiff's positions concerning the terminated motions follow.

**A.      Motions to Dismiss (Dkts. 29, 48, 85, 96)**

6.     The four motions to dismiss were terminated without adjudication. The pending motion for leave to amend (Dkt. 141) will determine the operative pleading. Plaintiff proposes that any renewed Rule 12 motion follow the Court's ruling on Dkt. 141 and be filed as a single consolidated motion, as set forth in Section IV.

7.     Portions of the terminated motions rested on the absence of personal jurisdiction in the Middle District of Florida and on a forum-selection clause designating this District. The transfer resolved those grounds.

**B.      Motion to Transfer (Dkt. 87)**

8.     The motion was granted and requires no position. The motion was unopposed. Plaintiff separately moved for resolution of transfer before the merits motions (Dkt. 115) and cross-moved to transfer this action in its entirety to this District (Dkt. 108).

**C.      Motion to Stay Discovery (Dkts. 92, 103, 104, 113)**

9.     The joint motion to stay discovery and hold the Rule 26(f) requirement in abeyance (Dkt. 92) was terminated without adjudication by the transfer order (Dkt. 121).

10.    The report and recommendation concerning Dkt. 92 (Dkt. 103) was not adopted by the district court. Plaintiff's timely objections under Rule 72(b) (Dkt. 113) were unresolved at transfer.

11. The temporary stay of discovery (Dkt. 104) was, by its terms, effective "pending resolution of the motion to stay discovery. Doc. 92," and terminated with that motion.

12. No stay of discovery is in effect. The deadlines set by this Court's order of June 30, 2026 (Dkt. 139) govern. Should any party seek a stay of discovery, that relief must be requested by motion, Fed. R. Civ. P. 7(b), and Plaintiff will respond in ordinary course.

**D.      Motion for Leave to Amend (Dkt. 105)**

13. Plaintiff's motion for leave to amend filed in the transferor court (Dkt. 105) was terminated at transfer and is superseded by Dkt. 141.

**III.      RULE 26(f) CONFERRAL AND DISCOVERY STATUS**

14. The Rule 26(f) conference is complete as to Accenture LLP. Plaintiff and counsel for Accenture conferred, and a joint case management report setting forth the parties' positions on the subjects enumerated in Rule 26(f)(2) was filed on April 27, 2026 (Dkt. 102). Ballentine Decl. ¶ 2, Ex. A.

15. The Rule 26(f) conference is complete as to TaskUs, Inc. On April 28, 2026, Plaintiff transmitted a written Rule 26(f) proposal to counsel for TaskUs. The same day, counsel for TaskUs transmitted to Plaintiff a completed draft case management report stating that "[t]he parties conducted the planning conference via email," together with correspondence offering to file the report upon Plaintiff's approval. Ballentine Decl. ¶¶ 3–5, Ex. B. The report was not filed before entry of the temporary stay on May 1, 2026 (Dkt. 104) and the transfer on June 3, 2026 (Dkt. 121).

16. Under Rule 26(d)(1), discovery has commenced as to Accenture and TaskUs.

17. On July 9, 2026, Plaintiff served requests for admission and interrogatories on Accenture and TaskUs, limited to the identity of the entity that decided Plaintiff's appeal — the fact the proposed operative pleading alleges is within Defendants' exclusive possession, and the fact whose answer removes two of the three alternatively pleaded Codefendants from this case. Ballentine Decl. ¶ 8.

4

18.     On July 9, 2026, Plaintiff served his initial disclosures under Rule 26(a)(1) on all Defendants. Ballentine Decl. ¶ 8.

19.     Plaintiff has served no discovery on Meta Platforms, Inc. or Genpact Limited. The Rule 26(f) conference as to those Defendants has not occurred and remains to be completed within the deadlines set by Dkt. 139.

## IV.     CONSOLIDATED BRIEFING, PAGE LIMITS, SCHEDULE, AND SEQUENCING

20.     Plaintiff supports a single consolidated motion to dismiss. Consolidated briefing reduces four motions to one and permits a single opposition.

21.     Plaintiff proposes the following page limits for the consolidated briefing: twenty-five pages for the motion, twenty-five pages for the opposition, and fifteen pages for the reply. The proposal enlarges the limits in the Court's Civil Standing Order to account for a consolidated motion filed on behalf of four Defendants.

22.     Plaintiff proposes the following schedule: the consolidated motion due twenty-one days after the Court's ruling on Dkt. 141, with the opposition and reply due in accordance with Civil Local Rule 7-3. Determination of Dkt. 141 will fix the operative pleading; briefing directed at the current pleading before that ruling would risk duplication.

23.     Plaintiff further proposes that all parties be directed to complete Rule 26(f) conferral by August 5, 2026, four weeks before the deadline that Dkt. 139 imposes. The first phase of discovery presents a single identity question that determines which of three alternatively pleaded Codefendants remains in this case, and its resolution before the case management conference will permit the parties to propose a schedule for a smaller case. This sequencing — Codefendant discovery first, Meta last — has been Plaintiff's proposal since the April 27, 2026 case management report (Dkt. 102).

24.     All other deadlines set by Dkt. 139 should remain undisturbed.

**CONCLUSION**

25.    Plaintiff respectfully submits this report in compliance with the Court's Order of June 30, 2026 (Dkt. 140).


Date: July 9, 2026                                                                                              Respectfully submitted,


Marvelle J. Ballentine
Plaintiff,  *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine