# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    Plaintiff,

v.                                      Case No. 6:26-CV-00376-AGM-
DCI

META PLATFORMS, INC.,
ACCENTURE LLP, GENPACT
LIMITED, AND TASKUS, INC.,

    Defendants.

_____

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1.  Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

    The parties conducted the planning conference via email. On April 28, 2026, Plaintiff provided a written proposal. On ___, counsel for Defendant TaskUs Inc. ("TaskUs") Stephanie Generotti and Elizabeth Jozsi communicated with Plaintiff with a response draft Uniform Case Management Report.

### 2.  Deadlines and Dates

**Plaintiff's Position**:

Plaintiff requests the following deadlines and dates, calculated from the date of entry of a Case Management and Scheduling Order (CMSO):

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 14 days after conference |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 60 days from CMSO |
| Completion of Phase 1* fact discovery (Vendor Defendants) | 150 days from CMSO |
| Commencement of Phase 2* fact discovery (Meta) | 120 days from CMSO |
| Completion of Phase 2* fact discovery (Meta) | 240 days from CMSO |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 255 days from CMSO |
| Defendant | 285 days from CMSO |
| Rebuttal | 300 days from CMSO |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 315 days from CMSO |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | None provided |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 345 days from CMSO |

3

| | |
|---|---|
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | After close of Phase 1 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | To be set by Court |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | To be set by Court |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | To be set by Court |
| Month and year of the trial term. | September 2027 |

*Plaintiff requests a phased discovery (see CMR, Section 9(C)). Defendant TaskUs objects, as noted below.

**Defendant TaskUs' Position**:

As stated in Defendants' Joint Motion to Stay Discovery and Hold Rule 26(f) Requirement in Abeyance Pending Resolution of Motions to Dismiss ("Joint Motion to Stay") (ECF No. 92), TaskUs contends discovery should be stayed pending resolution of its Motion to Dismiss (ECF No. 48), which is entirely dispositive of this matter. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Court routinely hold that a stay of discovery pending resolution of a motion to dismiss is appropriate. *See e.g. Isaiah v. JPMorgan Chase Bank, N.A.*, 960 F.3d 1296, 1308 (11th Cir. 2020). Even if the Court does not grant the pending motion to dismiss in its entirety, a ruling will likely narrow the scope of the claims.

While Defendant TaskUs still believes a stay is appropriate, as outlined in the pending Joint Motion to Stay, if the Court does not grant the motion, Defendant TaskUs proposes the following

4

deadlines and dates to commence following the Court's ruling on TaskUs' pending Motion to Dismiss:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 14 days after Court's ruling on TaskUs' Motion to Dismiss |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 30 days after Court's ruling on TaskUs' Motion to Dismiss |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 150 days after Court's ruling on TaskUs' Motion to Dismiss |
| | Defendant | 180 days after Court's ruling on TaskUs' Motion to Dismiss |
| | Rebuttal | 195 days after Court's ruling on TaskUs' Motion to Dismiss |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District* | | 270 days after |

5

| | |
|---|---|
| *Discovery* (2021)*.* | Court's ruling on TaskUs' Motion to Dismiss |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 300 days after Court's ruling on TaskUs' Motion to Dismiss (30 days after the close of discovery) |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>*Parties to agree on a mediator at a later date* | 284 days after Court's ruling on TaskUs' Motion to Dismiss (14 days after the close of discovery) |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 14 days before final pretrial conference, as set by the Court |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7 days before the final pretrial conference, as set by the Court |

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | To be determined by the Court |
| Month and year of the trial term. | To be determined by the Court, but no earlier than 480 days after Court's ruling on TaskUs' Motion to Dismiss (at least 6 months after the dispositive motion deadline) |

The trial will last approximately 5-7 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

**<u>Plaintiff's Description:</u>**

The First Amended Complaint alleges five causes of action: (1) 42 U.S.C. § 1981 — advertising contracts; (2) 42 U.S.C. § 1981 — third-party contracts; (3) 42 U.S.C. § 1982 — personal property; (4) 42 U.S.C. § 1983 — constitutional rights under color of state law; and (5) 42 U.S.C. § 1985(3) — conspiracy. Plaintiff alleges that on July 4, 2022, Meta permanently terminated Plaintiff's paid advertising account under its Child Sexual Exploitation policy after an identity-visible review. No content was identified. No CyberTipline report was filed.

Similarly situated white users flagged under the same policy were restored.

### **Defendant TaskUs' Description:**

The First Amended Complaint alleges claims for: (1) 42 U.S.C. § 1981– interference with right to make, enforce, and modify advertising contracts; (2) 42
U.S.C. § 1981– interference with right to make and enforce third-party contracts;
(3) 42 U.S.C. § 1982 – interference with right to hold and convey personal property; (4) 42 U.S.C. § 1983 – deprivation of constitutional rights under color of state law; and (5) 42 U.S.C. § 1985(3) – conspiracy to deprive plaintiff of civil rights. Plaintiff alleges that Defendant Meta and its enforcement vendors (Defendants Accenture, TaskUs, and Genpact) operated a pipeline that permanently branded innocent Black entrepreneurs as child predators while quietly restoring white users flagged under the same policy, including one with a confirmed CSE violation. Defendant TaskUs denies Plaintiff's allegations and that Plaintiff is entitled to relief.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge

for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss all preliminary pending motions, including, but not limited to, the Joint Motion to Stay, and to address any other preliminary issues between the parties.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐  Yes.

☒  No; instead, Defendant TaskUs objects to the commencement of discovery for the reasons set forth in the Joint Motion to Stay (ECF No. 92). As to the initial disclosures, Defendant TaskUs objects to the timing of Initial Disclosures as overly burdensome and unnecessary because its Motion to Dismiss may eliminate the need for any disclosures. As such, Defendant TaskUs submits in good faith that this requirement should be stayed until after the Court rules on its Motion to Dismiss. Plaintiff objects, and proposes initial disclosures within 14 days of the completion of the Rule 26(f) conference, and does not otherwise propose modifications to the disclosure requirements.

B.    Discovery may be needed on these subjects:

**Plaintiff's Position**:

***Enforcement event records.*** Queue-assignment records, review session telemetry, tool-access logs, and audit trail records maintained by any Defendant reflecting activity concerning Plaintiff's Facebook account on July 4–5, 2022, including the identity of the reviewer, the content displayed to the reviewer, the enforcement options available, and the routing determination.

***CyberTipline reporting.*** Documents and information concerning whether any Defendant submitted, initiated, processed, or transmitted a CyberTipline report to the National Center for Missing & Exploited Children under 18 U.S.C. § 2258A in connection with the enforcement event of July 4, 2022, including routing records reflecting whether Plaintiff's case entered the NCMEC workflow or an alternative workflow.

***Vendor contracts and SOPs.*** Contracts, statements of work, and standard operating procedures governing the content moderation services provided by Accenture LLP, TaskUs, Inc., and Genpact Limited to Meta Platforms, Inc., to the extent they concern CSE enforcement, human review procedures, identity verification processes, or reportability classifications.

***Training materials.*** Materials provided to or developed by any Vendor Defendant for training of content moderation reviewers on CSE enforcement, including criteria for reportable versus nonreportable determinations and any instruction concerning user identity visibility during review.

***Comparator data.*** Documents and information concerning similarly situated users flagged under the same CSE policy during Q3 2022, including restoration rates, reviewer identity visibility, and enforcement outcomes for users identified in the FAC.

***Disparity monitoring.*** Documents and information concerning any internal analysis, audit, or monitoring of enforcement outcomes by user race, ethnicity, or race proxies, including the absence of any such monitoring.

***Communications regarding Plaintiff.*** Communications among any Defendants or among counsel for any Defendants concerning Plaintiff, Plaintiff's account, or the enforcement event, from July 4, 2022 through the present.

Plaintiff anticipates utilizing: depositions under Rule 30 (including 30(b)(6) depositions of each corporate Defendant), requests for production under Rule 34, requests for admission under Rule 36, and interrogatories under Rule 33.

**Defendant TaskUs' Position:**

As discussed above and in the Joint Motion to Stay (ECF No. 92), Defendant TaskUs objects to the commencement of discovery at this time. Defendant TaskUs requests the parties revisit the scope of discovery if necessary after a ruling on the pending Motion to Dismiss.

C.   Discovery should be conducted in phases:

**Plaintiff's Position**: Plaintiff proposes two phases of discovery:
- **Phase 1 — Vendor Defendants (Days 1–150).** Discovery directed at Accenture LLP, TaskUs, Inc., and

Genpact Limited. Phase 1 targets the records necessary to identify the reviewing entity, establish the factual record on the enforcement sequence, the CyberTipline reporting determination, vendor contracts, SOPs, training materials, and QA systems. Depositions under Rule 30 and 30(b)(6) of each Vendor Defendant will occur in Phase 1.

- **Phase 2 — Meta Platforms, Inc. (Days 120–240).** Discovery directed at Meta Platforms, Inc. Phase 2 targets platform-level policies, comparator treatment, disparity monitoring, systemic enforcement practices, and Meta's role in the enforcement pipeline. Phase 2 commences 30 days before Phase 1 closes to permit overlap and to allow the record developed in Phase 1 to inform Phase 2 discovery. Depositions under Rule 30(b)(6) of Meta will occur in Phase 2.

This structure permits the Vendor Defendants' records to establish the identity of the reviewing entity and the enforcement mechanics before platform level discovery commences. It reduces the scope and burden of discovery for Meta during Phase 1 and concentrates Meta's discovery obligations in Phase 2.

**Defendant TaskUs' Position:** Defendant TaskUs objects to phased discovery.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

**Plaintiff's Position**: Plaintiff proposes the following:

**Format of production**. Native format with metadata preserved. Alternatively, searchable PDF with load files containing standard metadata fields (custodian, date created, date modified, author, file path).

**Custodians**. To be identified following initial disclosures. Plaintiff anticipates custodians will include personnel involved in the enforcement event, personnel involved in CyberTipline reporting determinations, personnel responsible for vendor side QA and training, and any person

identified in initial disclosures as having discoverable information.

**Search methodology**. Plaintiff proposes the parties confer on search terms and custodian lists within 21 days of initial disclosures.

**Preservation**. Plaintiff has preserved all relevant ESI. The FAC identifies specific categories of electronically stored information — review-session telemetry, queue-assignment records, tool-access logs — that are subject to preservation obligations. Plaintiff expects all Defendants to confirm preservation of these categories.

**Defendant TaskUs' Position:** Defendant TaskUs is unaware of any issues about disclosure, discovery, or preservation of electronically stored information at this time. Defendant TaskUs objects to the timelines and scope of Plaintiff's requests, but agrees that, should discovery commence, the parties will reasonably confer on appropriate custodians and search terms.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The parties will comply with Rule 26(b)(5)(A) of the Federal Rules of Civil
Procedure. If necessary, the parties may later request entry of a Rule 502(d)
order.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

13

☐  Yes; describe the stipulation.

## 10.   Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Plaintiff unilaterally requests special handling. Specifically, Plaintiff requests a Designated Communication Protocol, filed as Docket 42.

## 11.   Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12.   Signatures

_____

Marvelle J. Ballentine
Plaintiff, *pro se*
Add date of signature

_____

Stephanie C. Generotti, Esq.
Counsel for Defendant TaskUs, Inc.
Add date of signature

_____

Add name of party or counsel
If counsel, add name of client
Add date of signature