MICHELLE L. VISSER (SBN 277509)
mvisser@orrick.com
SARAH N. DAVIS (SBN 275145)
sdavis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendants
Meta Platforms, Inc. and Genpact Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., ACCENTURE LLP, GENPACT LLIMITED, AND TASKUS, INC.<br><br>Defendants. | Case No. 3:26-cv-05939-RFL<br><br>**DEFENDANTS' JOINT STATUS REPORT IN RESPONSE TO DKT. NO. 140**<br><br>Judge: Hon. Rita F. Lin |

Defendants Meta Platforms, Inc. ("Meta"), Accenture LLP ("Accenture"), Genpact Limited ("Genpact") and TaskUs, Inc. ("TaskUs") (collectively, "Defendants") jointly submit this status report in response to this Court's June 30, 2026 order to (i) identify the motions that remain pending and (ii) provide their position on consolidated briefing with a proposed briefing schedule and page limits for an anticipated consolidated motion to dismiss (Dkt. No. 140). To assist the Court in understanding those positions, Defendants also provide a procedural history of this case and related matters.

## I.    PENDING MOTIONS

Each of the Defendants' respective Motions to Dismiss Plaintiff's First Amended Complaint (Dkt. Nos. 29, 48, 85, 96) ("Motions to Dismiss") remain pending. Defendants' Joint Motion to Stay Discovery (Dkt. No. 92) ("Motion to Stay Discovery") also remains pending. Prior to transfer, Magistrate Judge Daniel Irick issued a Report and Recommendation (R&R) recommending that Defendants' Motion to Stay Discovery be granted (Dkt. No 103). Plaintiff filed objections to the R&R (Dkt. 113), and Judge Anne-Leigh Gaylord Moe did not rule on those objections prior to transfer.

Plaintiff's assertion that these motions are no longer pending is inaccurate. The Court's Order granting Meta's Motion to Transfer first directed the clerk to transfer "this case to the United States District Court for the Northern District of California for all further proceedings." Dkt. No. 121. The Transfer Order went on to explain that "[f]ollowing transfer, the clerk is [directed] to terminate all pending motions." *Id.* On June 3, 2026, before any motions were terminated, Judge Moe ordered transfer and the case was transferred to the Northern District of California. At that point, the Middle District of Florida was without jurisdiction to terminate any pending motions. *See, e.g., Howmedica Osteonics Corp. v. Sarkisian,* 2018 WL 3428755, at *2 (N.D. Cal. July 16, 2018) ("[T]his district gained jurisdiction over the action and the District of New Jersey lost jurisdiction over the action following [the] order transferring the case in its entirety and the Northern District of California docketing the case."). Properly read, then, Judge Moe's order (1) transferred the action to the Northern District of California, together with all pending motions, and then, "following transfer," (2) cleaned the docket by terminating the pending motions from the Middle District of Florida's

docket only. Dkt. No. 121.   Defendants' Motions to Dismiss and Motion to Stay Discovery therefore remain pending.

As set forth below, Defendants do not oppose re-briefing their Motions to Dismiss in a consolidated manner.  Nor do they oppose Plaintiff's motion to amend his complaint yet again.  But Defendants maintain that Plaintiff's proposed Second Amended Complaint does nothing to cure the merits-based failures in his First Amendment Complaint that necessitate dismissal and will move to dismiss if the Court grants him leave to file.  Among other things, his sole remaining claim will still be barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  As such, the majority of the arguments that Defendants made in support of their Motion to Stay Discovery will apply in full force if Plaintiff is granted leave to amend,[1] as will the analysis underlying Magistrate Judge Irick's R&R.[2]  Accordingly, regardless of whether this Court grants Plaintiff leave to amend or requires Defendants to re-brief their pending Motions to Dismiss (individually or collectively), Defendants respectfully request that the Court exercise its inherent authority to issue an order adopting the R&R and staying discovery pending the outcome of the decision on the Defendants' pending or anticipated Motions to Dismiss.  *See United States ex rel. Modglin v. DJO Global, Inc.*, 2014 WL 12564275, at *1 (C.D. Cal. Feb. 20, 2014) ("The court has the discretion to stay discovery as part of its 'inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Moser v. Encore Capital Grp., Inc.*, 2007 WL 1114113, at *3 (S.D. Cal. Mar. 27, 2007)).

An order staying discovery is particularly appropriate here because Plaintiff has already engaged in repeated efforts to obtain pre-motion to dismiss discovery in this litigation and in all of

[1] Defendants' Motion to Stay also asserted that a stay of discovery was appropriate because both Meta and Genpact argued that the Florida court lacked personal jurisdiction over them.  Although these jurisdictional arguments no longer apply, the jurisdictional arguments were not essential to the R&R and the remaining arguments that a stay of discovery is appropriate given the case-dispositive nature of each Defendant's Motion to Dismiss still apply.

[2] Judge Irick's R&R found that a stay of discovery was appropriate because each Defendant's Motion to Dismiss raised non-frivolous, case-dispositive arguments for dismissal of Plaintiff's claims, including based on immunity under Section 230 of the Communications Decency Act. *See* Dkt. No. 103. Nothing in Plaintiff's proposed Second Amended Complaint ("SAC") changes the R&R's analysis, as Plaintiff's claim remains fundamentally premised on the alleged disabling of his Facebook account and Defendants accordingly intend to raise substantially similar arguments for dismissal of the proposed SAC.

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL

the other related litigations he has filed against Defendants, and, as detailed below, every judge to consider his requests for discovery has denied them prior to ruling on whether his claims are facially viable.

## II.    CONSOLIDATED BRIEFING SCHEDULE

While Defendants' respective Motions to Dismiss remain pending following transfer, Defendants do not oppose re-briefing the Motions, or doing so in a consolidated manner, so that Defendants can again explain why Plaintiff's claims fail under Ninth Circuit law.[3]  Further, in anticipation that this Court will prefer that Defendants re-brief the Motions to Dismiss to address Ninth Circuit law, such that additional briefing will be necessary in any event, Defendants do not intend to oppose Plaintiff's pending Motion for Leave to File a second amended complaint, even though the proposed second amended complaint still fails to state a viable claim for relief. Accordingly, Defendants propose the following briefing schedule for a consolidated motion to dismiss, which includes proposed page limits.

| Filing | Deadline | Page Limit |
|---|---|---|
| Defendants' Consolidated Motion to Dismiss | 21 Days Following the Court's Ruling on Plaintiff's Motion for Leave to File a Secon Amended Complaint. | 25 Pages |
| Plaintiff's Opposition to Motion to Dismiss | 21 Days Following Filing of Motion to Dismiss. | 25 Pages |
| Defendants' Reply | 14 Days Following Filing of Opposition. | 15 Pages |

## III.    PROCEDURAL HISTORY

The instant dispute between Plaintiff and Defendants has been pending in various forums for over 10 months; no court has ever determined that Plaintiff plausibly stated a claim for relief against any Defendant.  The dispute arises out of Plaintiff's allegations that Meta disabled his Facebook account for violating Meta's Child Sexual Exploitation ("CSE") Policy and one of Accenture, TaskUs, and Genpact affirmed the disablement.  Based solely on his allegations that Defendants

---

[3] Defendants' pending Motions to Dismiss explain why Plaintiff's claims fail under Eleventh Circuit law.

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL

were aware that Plaintiff was Black when disabling or affirming the disablement of his account and that, in a handful of other CSE enforcement cases (out of millions), Meta allegedly reversed the initial determinations for white users, Plaintiff summarily accuses Meta of disabling his account based on race.

Over that 10-month period, Plaintiff has filed or attempted to file 10 complaints (including his proposed second amended complaint in the instant action) against some combination of the Defendants (or their counsel) across four different actions in three different courts. Thus, although Plaintiff's pending Motion for Leave to Amend would result in his Second Amended Complaint in this action, Plaintiff has already effectively amended his complaint eight times. Plaintiff's practice of filing new or amended complaints (including after he has voluntarily dismissed the same claims in a different jurisdiction) has needlessly prolonged litigation between the parties and has resulted in a significant waste of both party and judicial resources. Specifically, Plaintiff's conduct demonstrates a clear misuse of the judicial system as Plaintiff originally filed a substantially similar version of this case in this district, voluntarily dismissed that case after the court did not permit discovery, filed essentially the same case in the M.D. Florida and separately sued counsel for one of the parties for arguments made in a motion to dismiss, and then consented to transfer back to this district after receiving a negative discovery ruling in Florida. Accordingly, Defendants provide a brief background on the history of litigation between the parties, including Plaintiff's practice of filing amended complaints in response to motions to dismiss and Plaintiff's continued attempts to initiate discovery, prior to any ruling on a motion to dismiss or Rule 26(f) conferences, and in contravention of court orders prohibiting such discovery.

### a. *Ballentine 1—Original Civil Rights Action in N.D. Cal.*

On September 9, 2025, Plaintiff filed his original complaint against Defendants Meta and Accenture in this district, asserting claims against Meta and Accenture under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and the California Unfair Competition Law, based on allegations that Meta disabled his Facebook account based on race and that Accenture affirmed that disablement following review. *See Marvelle J. "Jay" Ballentine v. Meta Platforms, Inc., et al.¸* Dkt. No. 1, No. 3:25-cv-7671-CRB (N.D. Cal.) (*"Ballentine 1"*). Meta and Accenture

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL

moved to dismiss Plaintiff's Complaint asserting, among other arguments, that Plaintiff's claims were barred by Section 230 and that Plaintiff failed to plausibly allege any racial discrimination. *See Ballentine 1*, Dkt. Nos. 30, 33.  Instead of responding directly to the dismissal motions, Plaintiff filed a First Amended Complaint two days after Meta's motion to dismiss was filed, and one day after Accenture's motion to dismiss was filed. *See Ballentine 1*, Dkt. No. 34.  Meta and Accenture each filed Motions to Dismiss the First Amended Complaint in *Ballentine 1*, pointing out that Plaintiff's First Amended Complaint failed to meaningfully address any of the pleading deficiencies identified in their motions to dismiss. *See Ballentine 1*, Dkt. Nos. 40, 41.

During the five-month pendency of *Ballentine 1*, Plaintiff brought several motions seeking to advance the case schedule so that he could seek discovery, including a motion seeking to advance the initial case management conference. *See Ballentine 1*, Dkt. Nos. 20, 29, 36, 39. Judge Breyer denied each of Plaintiff's discovery-related motions and vacated the initial case management conference.  *Id.*, Dkt. Nos. 32 and 47.

Apparently frustrated with the rulings on his motions and the direction of the litigation in *Ballentine 1*, Plaintiff voluntarily dismissed *Ballentine 1* before Judge Breyer ruled on Meta's and Accenture's Motions to Dismiss and, as described below, refiled his claims in the Middle District of Florida.

b. ***Ballentine 2 – Original Discrimination Claims Re-Filed in M.D. Fla. And Transferred, Leading to the Instant Action***

After Plaintiff voluntarily dismissed *Ballentine 1*, he re-filed his claims in a new complaint in the Middle District of Florida. *See Ballentine 1,* Dkt. No. 63; *Ballentine v. Meta Platforms, Inc. et al.,* Dkt. No. 1, No. 3:26-cv-5939-RFL (N.D. Cal.), transferred from M.D. Fla., No. 6:26-cv-376 (*"Ballentine 2"*). In the new complaint filed in the Middle District of Florida, Plaintiff raised substantially similar claims as those raised in *Ballentine 1*, based on essentially identical factual allegations but added Genpact and TaskUs as additional defendants. *See Ballentine 2,* Dkt. No. 1.

Each Defendant then moved to dismiss the First Amended Complaint.  Dkt. Nos. 29, 48. 85, and 96.  Instead of opposing those motions, Plaintiff responded with a Motion for Leave to File a Second Amended Complaint.  *See* Dkt. No. 105; *see also* Dkt. Nos. 111 and 112 (filing "protective

oppositions" to Meta's and Genpact's Motions to Dismiss, asserting only that Plaintiff should be permitted to file his Second Amended Complaint without defending the sufficiency of the operative First Amended Complaint).

In *Ballentine 2*, Plaintiff continued his efforts to seek early discovery.  First, he filed a Motion for Leave to Serve Limited Early Discovery (*Ballentine 2,* Dkt. No. 7), which the court denied, finding that Plaintiff failed to show that "immediate discovery is necessary[.]" *Ballentine 2,* Dkt. No. 18.  Plaintiff also filed a Motion for a Scheduling Directive Regarding a Rule 26(f) Conference and Case Management Report (*Ballentine 2,* Dkt. No. 39), which the court also denied. *Ballentine 2*, Dkt No. 50.  Despite the consistent denials of Plaintiff's attempts to seek discovery prior to resolution of Defendants' Motions to Dismiss, Plaintiff attempted to move forward with serving discovery anyway, including unilaterally noticing a Rule 30(b)(6) deposition of Accenture.

In response to Plaintiff's requests to initiate discovery in *Ballentine 2*, Defendants filed their Motion to Stay Discovery (*Ballentine 2,* Dkt. No. 92) and Accenture filed a Motion for Protective Order (*Ballentine 2*, Dkt. No. 93) requesting a stay of discovery against Accenture pending resolution of the Joint Motion to Stay Discovery. As discussed above, Magistrate Judge Irick issued an R&R recommending that Defendants' Joint Motion to Stay Discovery be granted. *See Ballentine 2*, Dkt. No. 103.  Shortly after issuing the R&R, the court also granted Accenture's Motion for a Protective Order, staying discovery pending final resolution of the Motion to Stay Discovery. *See Ballentine 2*, Dkt. No. 104.  Once it became clear that Plaintiff's attempts to get discovery would be unsuccessful in the Middle District of Florida as well, Plaintiff indicated his consent to transfer the matter back to this court. *See Ballentine 2*, Dkt. No. 108 (Plaintiff's Cross-Motion to transfer the action to the Northern District of California).  Moreover, following transfer back to this court, Plaintiff has already re-served discovery on Accenture and TaskUs, notwithstanding the pending R&R recommending the stay discovery and the protective order granted as to Accenture.

The Middle District of Florida court transferred the action back to this Court before ruling on any of the Motions to Dismiss, or Plaintiff's Motion for Leave to Amend. *See Ballentine 2*, Dkt. No. 121.

DEFS' JOINT STATUS REPORT.
NO. 3:26-cv-05939-RFL

c.    ***Ballentine 3 – Defamation Action in M.D. Fla.***

Separately, while litigating his claims based on the alleged disablement of his Facebook account, Plaintiff also filed an entirely distinct action in the Middle District of Florida, raising claims against Meta, Accenture, and counsel for Accenture (including both the law firm representing Accenture and the individual attorneys) based on language in Accenture's Motion to Dismiss in *Ballentine 1* that Plaintiff alleges was defamatory. *See Ballentine v. Accenture, LLP et al*, Dkt. No. 1, No. 5:26-cv-472, (M.D. Fla. Feb. 9, 2026) ("*Ballentine 3*"). After he filed *Ballentine 3*, but before any Defendant responded, Plaintiff filed a First Amended Complaint, asserting the same allegations as his original complaint, but naming an additional individual attorney who represented Accenture in *Ballentine 1* as a defendant. *See Ballentine 3*, Dkt. No. 4. Then, in response to an order to show cause why the court had subject matter jurisdiction over the complaint, Plaintiff filed a Second Amended Complaint in *Ballentine 3*, dropping Accenture and the law firm who represented Accenture in *Ballentine 1* in an effort to create complete diversity of citizenship for diversity jurisdiction. *See Ballentine 3*, Dkt. No. 20.

Both the individual attorneys representing counsel and Meta filed motions to dismiss the Second Amended Complaint, asserting that Plaintiff's claims are plainly barred by the litigation privilege, among other grounds for dismissal. *See Ballentine 3,* Dkt. Nos. 26 and 44. Following the filing of the motions to dismiss, Plaintiff filed a Motion to File a Third Amended Complaint in *Ballentine 3*, seeking to drop Meta and one of the individual attorneys representing Accenture, and to proceed with his defamation claim only against a single attorney who represented Accenture in *Ballentine 1*. *See* Dkt. No. 66.

A similar pattern of Plaintiff seeking early discovery and the court refusing to allow it followed in *Ballentine 3*. There, before all defendants filed their motions to dismiss, Plaintiff filed a Motion for a Scheduling Directive Regarding Rule 26(f) Conference, requesting that the Rule 26(f) conference be conducted by written exchange on an expedited timeline. *See Ballentine 3*, Dkt. No. 28. Without waiting for a ruling on that motion, Plaintiff noticed the deposition of Accenture's counsel, prompting the defendants in *Ballentine 3*, to file a joint motion to stay discovery and the individual attorney defendants to file a motion for a protective order. *See Ballentine 3*, Dkt. Nos.

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL

49, 50.  The Court granted the motion for a protective order, ordering that the individual attorney defendant was not required to attend the noticed deposition.  *Ballentine 3*, Dkt. No. 57.

The joint motion to stay discovery and both motions to dismiss remain pending.

### d.   *Ballentine 4 – Florida State Court Action Combining Discrimination and Defamation Claims*

Finally, Plaintiff filed yet another action in Florida, his fourth distinct action against the Defendants, this time the Circuit Court of the Fifth Judicial Circuit in and for Lake County.  *See Ballentine v. Meta Platforms, Inc., et al*, No. 5:26-cv-213 Dkt. No. 1 (Mar. 25, 2026 M.D. Fla.), removed from No. 35-2026-CA-000494 (Cir. Ct. Lake Cnty.) ("*Ballentine 4*").   Plaintiff's complaint in *Ballentine 4* effectively combined the allegations of Plaintiff's two sets of prior actions, raising claims under Florida state law based both on the alleged disablement of his Facebook account and on the allegedly defamatory language in Accenture's Motion to Dismiss in *Ballentine 1*.  *See id.*  In response to Plaintiff's Florida state court complaint, Accenture removed the action to the Middle District of Florida and Accenture and its individual attorneys then filed motions to dismiss the complaint following removal. *See id.* Dkt. Nos. 1; 20; 24. Rather than respond to these motions, Plaintiff filed a First Amended Complaint.   *See id.* Dkt. No. 32. Accenture and its counsel again filed motions to dismiss the First Amended Complaint (Dkt. No. 35 and 36) and Plaintiff then voluntarily dismissed *Ballentine 4*.   Dkt. Nos. 38, 39.

### e.   *Summary of Prior Litigation*

As captured in the above description, Plaintiff has filed a relentless array of complaints against the Defendants and counsel across a variety of actions, which has caused Defendants to devote substantial resources in responding to each new complaint or amended complaint and has frustrated Defendants' ability to get rulings on the merits of their arguments for dismissal of Plaintiff's various claims.  To illustrate the number of complaints filed by Plaintiff across the different actions, below is a chart of the relevant pleadings in each of four actions between the parties:

DEFS' JOINT STATUS REPORT.
NO. 3:26-cv-05939-RFL

| Case | Relevant Procedural History |
|---|---|
| ***Ballentine 1*** *(Ballentine v. Meta Platforms, et. al.*, No. 25-cv-07671 (N.D. Cal.))* | • 9/9/25 Ballentine files original Complaint (**1st Compl.**)<br>• 10/15/25 Meta files MTD<br>• 10/16/25 Accenture files MTD<br>• 10/17/25 Ballentine files Amended Complaint ("FAC") (**2nd Compl.**)<br>• 10/31/25 Meta & Accenture file MTDs FAC<br>• 2/13/26 Ballentine files Notice of Voluntary Dismissal |
| ***Ballentine 2,*** *(Ballentine v. Meta Platforms, Inc. et al. ,*, No. 3:26-cv-5939-RFL (N.D. Cal.), transferred from M.D. Fla., No. 6:26-cv-376)* | • 2/17/26 Ballentine files second action in M.D. Fla. (**5th Compl.**)<br>• 3/4/26 Ballentine files FAC (**7th Compl.**)<br>• 3/18/26 Accenture files MTD FAC<br>• 3/23/26 TaskUs files MTD FAC<br>• 4/9/26 Meta files MTD FAC<br>• 4/22/26 Genpact files MTD FAC<br>• 5/4/26 Ballentine files motion for leave to file SAC<br>• 6/3/26 M.D. Fla. Court orders transfer to N.D. Cal.<br>• 7/6/26 Ballentine files new motion for leave to file SAC (if granted, would be **10th Compl.**) |
| ***Balentine 3*** *(Ballentine v. Accenture, LLP et al,.* 5:26-cv-472, (M.D. Fla.)* | • 2/9/26 Ballentine files first action in M.D. Fla. (**3rd Compl.**)<br>• 2/11/26 Ballentine files FAC (**4th Compl.**)<br>• 3/4/26 Ballentine files Second Amended Complaint ("SAC") (**8th Compl.**)<br>• 3/18/26 Kirkland & Ellis individual defendants (Accenture's counsel) file MTD SAC<br>• 4/3/26 Meta files MTD SAC<br>• 5/4/26 Ballentine files motion for leave to file Third Amended Complaint ("TAC") |

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL

| | |
|---|---|
| ***Ballentine 4***, *Ballentine v. Meta Platforms, Inc., et al*, No. 5:26-cv-213 (M.D. Fla.), removed from No. 35-2026-CA-000494 (Cir. Ct. Lake Cnty.) | • 3/2/26 Ballentine files third action in Florida, this time in state court (**6th Compl.**)<br>• 3/25/26 Accenture files notice of removal<br>• 4/1/26 Accenture and attorney defendants file MTD<br>• 4/2/26 Ballentine files FAC (**9th Compl.**)<br>• 4/16/26 Accenture and attorney defendants file MTD FAC<br>• 4/24/26 Notice of Voluntary Dismissal |

In addition, Plaintiff's pattern of attempting to seek early discovery and then, when such early discovery is denied, attempting to proceed in a different forum, has similarly prolonged litigation and led to unnecessary expenses. The Court should not reward Plaintiff's procedural gamesmanship and forum shopping by allowing him to proceed with discovery now, prior to resolution of Defendant's forthcoming consolidated motion to dismiss. The Court should adopt the R&R granting Defendants' Motion to Stay Discovery and stay all discovery pending a decision on Defendant's anticipated consolidated motion to dismiss Plaintiff's claims.

Dated: July 20, 2026

By: */s/ Michelle L. Visser*
Michelle L. Visser
Sarah N. Davis
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
mvisser@orrick.com
sdavis@orrick.com
Telephone: (415) 773-5518

*Attorneys for Defendants*
*Meta Platforms, Inc. and Genpact Limited*

Devin S. Anderson (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: (801) 877-8115
Facsimile: (801) 877-8101
devin.anderson@kirkland.com

Christopher W. Keegan, P.C. (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1882
Facsimile: (415) 439-1500
chris.keegan@kirkland.com

*Attorneys for Defendant Accenture LLP*

Brittney L Turner, SBN 319818
brittney.turner@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**.
19191 S. Vermont Avenue, Suite 635
Torrance, CA  90502
Telephone:      310-217-8191
Facsimile:       310-217-8184

Kristin C. Christensen, SBN 286711
kristin.christensen@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:      415-442-4810

11

Facsimile:         415-442-4870

*Attorneys for Defendants TASKUS, INC.*

DEFS' JOINT STATUS REPORT.
NO. 3:26-CV-05939-RFL