UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARVELLE J. BALLENTINE, | Case No.  26-cv-05939-RFL |
| Plaintiff, |  |
| v. | **ORDER GRANTING MOTION FOR LEAVE TO AMEND, DENYING AS MOOT MOTIONS TO DISMISS, SETTING BRIEFING SCHEDULE FOR MOTION TO DISMISS, AND GRANTING MOTION TO STAY DISCOVERY** |
| META PLATFORMS, INC., et al., |  |
| Defendants. |  |
|  | Re: Dkt. Nos. 29, 48, 85, 92, 96, 141 |

Marvelle J. Ballentine's motion for leave to amend (Dkt. No. 141) is **GRANTED** as unopposed.  (*See* Dkt. No. 147 at 2.)[1]

Several motions were filed before the case was transferred to this District, including motions to dismiss and a motion to stay discovery.  Those motions remain live.  While the transferor judge directed termination of the motions and case after transfer, that is fairly read as terminating the motions and case on the Middle District of Florida's docket.  (*See* Dkt. No. 121 at 2 ("Following transfer, the Clerk is **DIRECTED** to terminate all pending motions and deadlines and close the case."); *cf. Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988) ("[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely refered to another tribunal, leaving untouched what has been already done." (citation omitted)).)

In light of the resolution of Ballentine's motion for leave to amend, the motions to dismiss (Dkt. Nos. 29, 48, 85, 96) are **DENIED** as moot.  Defendants proposed a briefing

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

schedule, which Ballentine does not oppose, for a consolidated motion to dismiss the Second Amended Complaint.  (Dkt. No. 148 at 4; Dkt. No. 149 at 1.)  Accordingly, Defendants' consolidated motion to dismiss (25 page limit) is due **August 13, 2026**, Ballentine's opposition (25 page limit) is due **September 3, 2026**, and Defendants' reply (15 page limit) is due **September 17, 2026**.

As for the motion to stay discovery (Dkt. No. 92), a magistrate judge previously recommended granting the motion based on a "preliminary peek" into Defendants' motions to dismiss.  (Dkt. No. 103 at 5.)  The denial of those motions to dismiss as moot in light of Ballentine's newly amended complaint removes that justification.  Nevertheless, this Court prefers to wait until the pleadings are mostly settled before opening discovery.  *Cf. Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").  The motion to stay discovery and hold all Rule 26(f) requirements in abeyance is therefore **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 23, 2026

RITA F. LIN
United States District Judge