Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com
Plaintiff, *pro se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARVELLE J. "JAY" BALLENTINE, <br><br> Plaintiff, <br> v. <br><br> META PLATFORMS, INC.; ACCENTURE LLP; GENPACT LIMITED; and TASKUS, INC., <br><br> Defendants. | Case No.: 3:26-cv-05939-RFL <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Judge:   Hon. Rita F. Lin |

1

# TABLE OF AUTHORITIES

**Page(s)**

**Supreme Court**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................4, 7

*Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. 327 (2020)...........................................3, 7, 8, 9

*Jones v. Bock*, 549 U.S. 199 (2007)......................................................................4, 5, 7

**Ninth Circuit**

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009)....................................................3, 6

*Calise v. Meta Platforms, Inc.*, 103 F.4th 732 (9th Cir. 2024).........................................6, 7

*HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019) (cited within the *Calise* quotation only)........................................................................6

*Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116 (9th Cir. 2008)................................7, 8

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)......................................5

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc)..................................................9

*PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007)................................5, 9

*State of Colorado v. Meta Platforms, Inc.*, No. 24-7265 (9th Cir. Aug. 10, 2026)..........................4, 6

**Statutes**

42 U.S.C. § 1981......................................................................3, 6, 7, 8

47 U.S.C. § 230(c)(1)................................................................3, 4, 6, 7, 9

**Rules**

Fed. R. Civ. P. 8(a)..........................................................................5

Fed. R. Civ. P. 8(d)(2)......................................................................9

Fed. R. Civ. P. 12(b)(6)......................................................................4

## I.    INTRODUCTION

Meta cites the Eastern District of Virginia action, but omits that Meta itself is a named and served defendant there on a § 1985(2) claim alleging interference with Plaintiff's participation in these proceedings. Meta likewise does not discuss the SAC's external-reporting attribute—the same attribute that NCMEC's Virginia position leaves unresolved as potentially corresponding to Plaintiff, another person bearing his name, or an email identifier.

Those omissions matter because Defendants' motion depends on replacing the SAC's pleaded theory with a reconstructed version drawn from superseded pleadings and Defendants' own factual inferences. Ninth Circuit law does not permit that. The Court must first decide the motion against the complaint actually before it.

Once the imported material is removed, the motion reduces to two questions. First, under *Barnes*, does the duty asserted arise from Defendants' status as publishers or from § 1981's independent prohibition against racial interference with contracts? Second, under *Comcast*, does the SAC plausibly allege that race was a but-for cause of the adverse contractual interference? The SAC answers both questions.

## II.    ISSUES TO BE DECIDED

1.      Whether Defendants may obtain dismissal by importing allegations from superseded pleadings and drawing factual inferences against the SAC that are not contained in the operative complaint.

2.      Whether § 230(c)(1) bars a § 1981 claim where the duty allegedly breached arises independently from § 1981 and liability does not depend on treating any Defendant as the publisher or speaker of third-party content. That tracks *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009).

3.      Whether the SAC plausibly alleges that Plaintiff's race was a but-for cause of Defendants' interference with his contractual rights under § 1981. That tracks *Comcast Corp. v. National Association of African American-Owned Media*, 589 U.S. 327 (2020).

## III.    THE OPERATIVE COMPLAINT

The Court granted Plaintiff leave to file the SAC, which Defendants did not oppose. Dkt. Nos. 147, 151. It pleads one count under 42 U.S.C. § 1981.

3

Plaintiff, a Black citizen, performed third-party contracts through a Facebook account. SAC ¶¶ 1, 24, 39, 41. On July 4, 2022, Meta authored a Notice and used it to interrupt that performance and to withhold account-resident business property. SAC ¶ 44. The Notice carried an external-reporting attribute, under protocols that generate records of any external report; no law-enforcement inquiry followed; and Meta has identified no record connecting the Notice to a factual predicate attributed to Plaintiff's Account. SAC ¶¶ 53–57. Plaintiff appealed and submitted his passport; a Codefendant performing appeal-decision services within Meta's shared workflow decided the appeal adversely after receiving his photograph and passport; Meta implemented the decision. SAC ¶¶ 46–51, 64–69, 84.

Meta returned white account-holders to contracting capacity following notices arising from identified factual predicates attributed to them—two, Ertelt and COMP-1, after notices carrying the same external-reporting attribute as Plaintiff's. SAC ¶¶ 58–62. Plaintiff's Notice identified no such predicate, Meta has identified none since, and Plaintiff was not returned. SAC ¶¶ 57, 62–63.

## IV.    LEGAL STANDARD

A complaint survives Rule 12(b)(6) if it pleads factual content allowing the reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts the operative complaint's well-pleaded allegations as true and construes reasonable inferences in the plaintiff's favor.

Section 230 "provides a defense to liability, not immunity from suit." *State of Colorado v. Meta Platforms, Inc.*, No. 24-7265, slip op. at 22 (9th Cir. Aug. 10, 2026). Whether a defense supports dismissal "depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## V.    ARGUMENT

### A.    The Motion Must Be Decided on the SAC

The motion's opening characterization of this case rests on facts that its own Section B acknowledges the SAC does not plead. Mot. at 1, 10–11. The pattern runs through the motion. Section A's second element—that the content at issue was provided by Plaintiff—cites the FAC. Mot. at 8–9 (citing FAC ¶ 53). Section A's third element characterizes the claims as arising from an account

4

disablement the SAC does not plead. The vendor-status analysis depends, by Defendants' own statement, on "the backdrop of the FAC's allegations." Mot. at 8 n.5. Section C's statistical argument rests on "now-omitted allegations." Mot. at 13 n.8. Section C's comparator-distinction argument rests on the FAC's tables. Mot. at 14 n.9. Section E's futility argument rests on the same imported characterization. Section B thus supplies critical factual premises for Sections A, C, and E.

Ninth Circuit law forecloses that construction. An amended complaint supersedes the original. *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc). And *PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007), addresses the precise move Defendants propose. Nothing in the Federal Rules prevents "successive pleadings that make inconsistent or even contradictory allegations," and a district court may not resolve a Rule 12 motion against the operative pleading by crediting an earlier one; if a party pleads in bad faith, the remedy is Rule 11. *Id.* at 858–60. Under *PAE*, even contradiction between successive pleadings would not authorize deciding this motion on the FAC. Defendants do not allege contradiction. Their motion states that the SAC "does not explain the omissions or contradict those prior allegations." Mot. at 11. Their position rests on omission alone—conduct that falls below the floor of a doctrine that would not assist them in any event. There is also no prior Rule 12 adjudication to escape.

*Jones v. Bock* answers the remainder. Section B's grievance is that the SAC does not recite the content of the Notice, does not describe Plaintiff's posts, and does not use Defendants' preferred word for the interruption—in short, *that the SAC declines to plead Defendants' defense for them*. A plaintiff has no such obligation. Rule 8 requires a short and plain statement of the claim, and dismissal on an affirmative defense requires that the complaint's own allegations establish it. *Jones*, 549 U.S. at 215. That ends Defendants' effort to establish the defense through the FAC. Whether the SAC itself establishes the defense is a separate question, and Part B answers it.

The consequence of applying the published rule is mechanical: the motion loses Section B and the FAC-derived factual premises Defendants import elsewhere, including footnotes 5, 8, and 9 and the FAC-dependent portions of Sections A, C, and E.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**B.      Section 230 Does Not Bar the Claim as Pleaded, on Either Version of the Facts**

This argument does not depend on Part A. Even on Defendants' own characterization—Meta disabled the account and a Codefendant upheld the disablement—the claim survives the Ninth Circuit's § 230 analysis.

Three days before Defendants filed this motion, the Ninth Circuit reiterated that framework in a published decision involving Meta. Section 230 "provides a defense to liability, not immunity from suit," and courts must "examine each claim to determine whether a plaintiff's 'theory of liability would treat a defendant as a publisher or speaker of third-party content.'" *State of Colorado*, slip op. at 22, 24 (quoting *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 740 (9th Cir. 2024), quoting *Barnes*, 570 F.3d at 1101). The inquiry has two components. The court asks from what source the asserted duty springs. *Calise*, 103 F.4th at 740–42. And the court asks what the duty requires: if the duty "obliges the defendant to 'monitor third-party content'—or else face liability," the claim is barred. *Id.* at 742 (quoting *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019)). Defendants' motion performs neither step. It reasons that the conduct was account disablement and stops.

The duty here does not spring from publisher status. It springs from a statute. Section 1981 guarantees all persons "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). That duty exists whether or not the defendant ever publishes anything, and it binds bakeries and banks the same way it binds platforms. For purposes of the source-of-duty inquiry, the duty springs from § 1981's independent command of racial equality in contracting, not from Defendants' status or conduct as publishers. *Barnes* itself marks the line: the promissory estoppel claim there survived even though the promised conduct was content removal, because the duty sprang from the promise rather than from publisher status. 570 F.3d at 1107–09. The claim's theory of liability is racial discrimination in contracting, not publishing.

Nor does the duty require monitoring. Section 1981 does not oblige Defendants to monitor, edit, remove, restore, or publish any third-party content, and it does not prescribe any publishing or moderation outcome. It prohibits race from being a but-for cause of the alleged contractual interference. The statute regulates the ground of decision, not the decision. The disablement is the

mechanism of the injury; it is not the source of the duty. Neither component of the *Calise* inquiry is satisfied.

The defense also fails on the operative complaint's own terms. Section 230(c)(1) conditions the defense on treating a defendant as the publisher or speaker of "information provided by another information content provider." 47 U.S.C. § 230(c)(1). The SAC identifies one instrument: a Notice authored by Meta. SAC ¶ 44. It pleads that the Notice carried an external-reporting attribute under protocols that generate records of any external report, and that Meta has identified no record connecting the Notice to a factual predicate attributed to Plaintiff's Account. SAC ¶¶ 53–57. Defendants ask the Court to supply a settled factual story that the SAC does not plead, while the SAC itself pleads an enforcement event for which no factual predicate has been identified as attributable to Plaintiff. Under *Jones*, the defense must be established by the complaint's own allegations. These allegations do not establish it.

Nor does this conclusion prove too much. The concern that any account-holder could replead a moderation dispute as a discrimination claim answers itself: *Comcast* requires plausible but-for racial causation, and *Iqbal* disposes of conclusory recasting. The screen is the pleading standard, not a defense that removes a civil rights statute from an entire industry.

Because neither component of the duty inquiry is satisfied, the Court need not decide whether staffing vendors performing appeal-decision services under contract are "providers" or "users" of an interactive computer service, and Plaintiff does not concede that they are.

C.      **The SAC Pleads But-For Causation Under *Comcast***

*Comcast* states the Rule 12 standard: a § 1981 plaintiff must plausibly allege that, but for race, he would not have suffered the loss of a legally protected right. 589 U.S. at 333, 341. Circumstantial allegations carry that burden. Where a complaint's factual allegations support a reasonable inference of racial motivation, the court "must construe" that inference in the plaintiff's favor at the motion-to-dismiss stage. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122–23 (9th Cir. 2008).

The motion applies a different standard. It requires "overt acts by the defendant, coupled with some direct evidence that the defendant's conduct was motivated by racial animus." Mot. at 12 (quoting district court authority). That is an evidentiary requirement, and it is not the Rule 12 causation

PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

standard. *Johnson*—a published § 1981 decision at the pleading stage—contains no direct-evidence requirement. It asks whether the allegations, taken together, make racial motivation plausible.

Taken together, the SAC's allegations do. The reviewer who decided Plaintiff's appeal received his profile photograph and government-issued passport. SAC ¶¶ 49–50, 84. The decision was adverse, and Meta implemented it. SAC ¶ 51. Meta returned white account-holders to account access and contracting capacity following notices arising from identified factual predicates attributed to their accounts. SAC ¶¶ 58–62. Two of those comparators, Ertelt and COMP-1, received notices carrying the same external-reporting attribute as Plaintiff's Notice. SAC ¶¶ 59–61. Plaintiff's Notice did not identify a factual predicate attributed to his Account, Meta has identified none since, and Plaintiff was not returned. SAC ¶¶ 57, 62–63. White account-holders whose notices arose from identified, attributed predicates were restored; Plaintiff, for whose Account no factual predicate has been identified, was not. Those facts permit the *Comcast* counterfactual inference. Nothing more is required at this stage.

The motion's comparator objections invert the inference rule. Defendants fault the SAC for not pleading the contents of other users' notices and posit differences among the comparators that appear nowhere in the operative complaint. Mot. at 13–14. That asks the Court to resolve unpleaded differences against the pleader. The question at Rule 12 is whether the similarities actually pleaded— the same external-reporting attribute, identified attributed predicates versus no identified predicate, restoration versus no restoration—make discrimination plausible. They do.

Footnote 7 makes the same error in a second form. The SAC alleges that Meta's commissioned audit and internal research suggested racial disparities in Meta's enforcement outcomes. SAC ¶¶ 71– 76. Defendants read those allegations as showing that they were "actively trying to detect and address" disparities. Mot. at 12 n.7. The SAC's competing inference—that the operator of the enforcement system had notice of racial disparity in its outcomes—is reasonable, and a reasonable inference cannot be displaced at Rule 12 by the defendant's preferred one.

If the Court considers the FAC—and Part A explains why it should not—footnotes 8 and 9 still fail on their own premise. A population-wide denominator does not resolve whether the specifically

pleaded comparator facts support a reasonable inference of differential treatment, and *Comcast* requires plausibility, not statistical significance, at the pleading stage.

### D.     The Alternative Allegation Against the Vendor Defendants Is Proper

Classic group pleading alleges that "Defendants did X" without distinguishing among them. The SAC does the opposite. It pleads each Codefendant's role separately—each contracted with Meta to perform appeal-decision services, each received Meta's standard operating procedures, each used Meta-designed appeal interfaces within the shared workflow. SAC ¶¶ 64–69. It then alleges that one member of that defined three-entity set decided Plaintiff's appeal, pleading the actor in the alternative because the actor's identity is within Defendants' possession rather than Plaintiff's. SAC ¶¶ 35, 84–85. Rule 8(d)(2) permits exactly that. *See PAE*, 514 F.3d at 859–60. Each Vendor Defendant knows precisely what is alleged against it.

### E.     Leave to Amend

The SAC states a claim. If the Court concludes otherwise on any ground, leave to amend should be freely given unless amendment would be futile, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), and Defendants' futility argument is their § 230 argument restated. It fails for the reasons in Part B.

### VI.     CONCLUSION

The Court should deny the motion.


Dated: August 14, 2026                                             Respectfully submitted,


                                                                  Marvelle J. Ballentine
                                                                  Plaintiff, *pro se*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine

PLAINTIFF'S OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS THE SECOND AMENDED COMPLAINT