# EXHIBIT B

Memorandum of Law in Support of Motion to Dismiss First Amended Complaint by Meta Platforms, Inc., filed August 21, 2026 (E.D. Va. Dkt. 22)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MARVELLE J. BALLENTINE., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-02331-RDA-IDD |
| v. | ) | |
| | ) | |
| KATIE HALL, NATIONAL CENTER FOR MISSING & EXPLOITED CHILDREN; META PLATFORMS, INC. and JOHN/JANE DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Marvelle J. Ballentine brings this action against Defendants Katie Hall ("Hall"), the National Center for Missing & Exploited Children ("NCMEC" and, together with Hall, the "NCMEC Defendants") and Meta Platforms, Inc. ("Meta"), based on two letters that Hall sent to Plaintiff, on behalf of NCMEC, in response to a notice of intended subpoenas that *Plaintiff himself* sent to NCMEC. The proposed subpoenas were sent in connection with two cases Plaintiff filed against Meta in the Middle District of Florida and asked NCMEC to confirm whether NCMEC had received any CyberTipline reports associated with the following identifiers: (1) Marvelle J. Ballentine; (2) Jay Ballentine; and/or (3) jaychizza@icloud.com (the "Identifiers"). Despite expressly requesting this information from NCMEC (and having previously sought similar information from Meta via discovery in other litigation), Plaintiff contends that NCMEC's

response indicating that it had received two CyberTipline reports associated with the Identifiers is somehow tortious.

As to Meta, based solely on suppositions, conclusory allegations, and despite Meta refusing to respond to similar discovery requests directed at it, Plaintiff alleges that Meta "conspired" with the NCMEC Defendants to get them to respond to Plaintiff's subpoena early to "intimidate" him into dismissing the underlying lawsuits against Meta and/or to defame him. Based on these allegations, Plaintiff brings two conspiracy-based causes of action against Meta, each of which fails.

*First*, Plaintiff's claim that Meta and the NCMEC Defendants engaged in a conspiracy to deter Plaintiff, by intimidation, from attending and testifying in courts of the United States in violation of 42 U.S.C § 1985(2) fails for three independent reasons. To start, the FAC contains *no* factual allegations supporting the existence of a conspiracy between Meta and the NCMEC Defendants. Plaintiff's Section 1985(2) claim separately fails because the FAC does not include any allegations of any violent or threatening conduct whatsoever, much less any such conduct that was intended to deter Plaintiff from pursuing his other litigation against Meta. Further, the FAC does not plead the requisite injury, i.e., that Plaintiff was actually hindered from pursuing litigation or testifying.

*Second*, Plaintiff's common law conspiracy to defame claim fails for similar reasons. As was true for his Section 1985(2) claim, Plaintiff fails to plausibly allege the existence of any agreement between Meta and the NCMEC Defendants, much less one to engage in an unlawful purpose or to defame Plaintiff. Indeed, Plaintiff does not allege any wrongful conduct by Meta at all. And, as explained in their motion to dismiss, Plaintiff does not and cannot state the underlying claim for defamation against NCMEC or Hall, which is a prerequisite to bringing a conspiracy

claim. Among other reasons, the defamation claims are barred by the litigation privilege because they arise out of responses to subpoenas, and the NCMEC Defendants have statutory immunity from such claims arising out of CyberTipline reports.

Because the FAC fails to state any claim for relief against Meta, it should be dismissed.

## II. BACKGROUND

### A. Procedural History

The instant action arises from discovery Plaintiff sought in connection with a series of meritless complaints against Meta and a host of other parties, across several different courts based on the alleged disablement of Plaintiff's Facebook account. Plaintiff filed his first complaint against Meta and Accenture, LLP ("Accenture") in the United States District Court for the Northern District of California on September 9, 2025, based on allegations that Meta disabled Plaintiff's Facebook account and Accenture affirmed the disablement because of Plaintiff's race. *See* Complaint, *Ballentine v. Meta Platforms, Inc. et al.*, No. 3:25-cv-7671-CRB (N.D. Cal. Sept. 9, 2025), Dkt. No. 1 ("*Ballentine 1*"). After the court declined to allow Plaintiff to seek discovery, including discovery "clarifying whether any CyberTipline report exists," (*Ballentine 1*, Dkt. No. 36 at 2) pending resolution of Meta's and Accenture's motions to dismiss, Plaintiff voluntarily dismissed this action and re-filed his claims in the Middle District of Florida. *See* Complaint, *Ballentine v. Meta Platforms, Inc. et al.*, No. 6:26-cv-376 (M.D. Fla. Feb. 17, 2026), Dkt. No. 1 ("*Ballentine 2*" or the "376 Action").

In *Ballentine 2*—the "376 Action" referenced in the FAC—Plaintiff raised substantially similar claims as those raised in *Ballentine 1*, based on essentially identical factual allegations. *Ballentine 2*, Dkt. No. 1. Plaintiff also again sought discovery regarding the existence of a "CyberTipline report," including filing a motion to serve a Request for Admission to Meta targeted

at this information. *See Ballentine 2*, Dkt. No. 7 at 5 (explaining that the "answer to this request" regarding whether Meta filed a CyberTipline report regarding Plaintiff "will materially affect the scope and direction of . . . subsequent proceedings"); *see also* FAC ¶ 35 (alleging that "Plaintiff's first substantive act in the 376 Action was a motion for leave to serve a single early request for admission directed to whether Meta filed a CyberTipline report regarding Plaintiff's account"). After failing to get the discovery regarding any "CyberTipline report" from the parties in *Ballentine 2*, Plaintiff filed a "Notice of Intent to Serve Subpoena" on NCMEC in that action, explaining that Plaintiff "transmitted to NCMEC . . . advance notice of a[] . . . subpoena concerning whether a CyberTipline report . . . was filed in connection with the Facebook account associated with Plaintiff and terminated on or about July 4, 2022." *Ballentine 2*, Dkt. No. 82 at 1; FAC ¶¶ 55-56 (describing "Advanced Notice of Intended Subpoenas" sent to NCMEC and attached request). Meta moved to dismiss and moved to transfer the 376 Action to the Northern District of California, and the court granted Meta's Motion to Transfer, transferring the action to the Northern District of California where it remains pending.

This action is also not the first time that Plaintiff has sued Meta for conspiring to defame him based on the conduct of its co-defendants (or their lawyers) who simply responded to Plaintiff's legal claims. Around the same time as he filed *Ballentine 2*, Plaintiff filed an additional action in the Middle District of Florida, asserting defamation claims against Accenture and its counsel and a conspiracy to defame claim against Meta based on language in Accenture's Motion to Dismiss in *Ballentine 1*. *See* Complaint, *Ballentine v. Accenture, LLP et al.*, No. 5:26-cv-472 (M.D. Fla. Feb. 9, 2026), Dkt. No. 1 ("*Ballentine 3*" or the "286 Action"). In *Ballentine 3*—the "286 Action" referenced in the FAC—Plaintiff again sought discovery regarding the existence of a CyberTipline report, among other items. *See* FAC ¶ 3. The 286 Action was dismissed by the

Court based on Plaintiff's failure to comply with a court order requiring "disclosure of the use of Artificial Intelligence" with respect to Plaintiff's filings. *Ballentine 3*, Dkt. No. 80.

While these cases were pending, Plaintiff filed yet another action in Florida, his fourth distinct action against Meta and Accenture and several other defendants, including Accenture's counsel. *See* Complaint and Notice of Removal, *Ballentine v. Meta Platforms, Inc. et al.*, No. 5:26-cv-213 (M.D. Fla. Mar. 25, 2026), Dkt. No. 1, removed from No. 35-2026-CA-000494 (Cir. Ct. Lake Cnty.) ("*Ballentine 4*"). Plaintiff's complaint in *Ballentine 4* effectively combined the allegations of Plaintiff's two sets of prior actions and asserted claims under Florida state law based both on the alleged disablement of his Facebook account and on the allegedly defamatory language in Accenture's Motion to Dismiss in *Ballentine 1*. Plaintiff voluntarily dismissed *Ballentine 4*.

Finally, Plaintiff first raised the claims at issue in this lawsuit in a separate action against the NCMEC Defendants. *See* Complaint, *Ballentine v. Nat'l Ctr. for Missing & Exploited Children*, No. 1:26-cv-1341 (E.D. Va. May 19, 2026) ("*Ballentine 5*"). After the NCMEC Defendants moved to dismiss Plaintiff's complaint (*See Ballentine 5*, Dkt. No. 4), Plaintiff moved for leave to amend his complaint, seeking to add conspiracy claims against Meta. *Ballentine 5*, Dkt. No. 18. After NCMEC and Hall opposed Plaintiff's motion for leave to amend, Plaintiff, in a transparent attempt to circumvent Fed. R. Civ. P. 15, opted to voluntarily dismiss his action and re-file as a new action in this court. *See Ballentine 5*, Dkt. No. 21 at 1 (Notice of Voluntary Dismissal) (noting that because "Defendants declined to consent to Plaintiff's proposed amended and supplemental complaint, . . . Plaintiff has elected to commence a new action asserting the expanded claims . . . rather than await [a] hearing" on his motion to amend). Plaintiff then filed his complaint in the above-captioned action and shortly thereafter filed the FAC. Dkt. Nos. 1, 5.

**B. Plaintiff's Allegations**

In the FAC, Plaintiff alleges that, during the pendency of the 286 and 376 Actions in the Middle District of Florida, Plaintiff sought early discovery regarding "whether Meta filed a CyberTipline report regarding Plaintiff's [Facebook] account." FAC ¶ 35; *Ballentine 2*, Dkt. No. 7 at 3 (explaining that "Plaintiff first raised this issue in the original complaint filed . . . on September 9, 2025" and despite "pursu[ing] multiple procedural vehicles to obtain this information" he had not yet obtained responsive information). After the Court in the 376 Action denied his request to serve an early request for admission relating to the existence of a CyberTipline report, Plaintiff "served a Rule 30(b)(6) deposition notice on Accenture" that included the existence of a CyberTipline report as a topic. FAC ¶¶ 35; 51-52. Plaintiff similarly noticed a deposition of Accenture's counsel in the 286 Action. FAC ¶ 53. In response to Plaintiff's attempts to open discovery in both cases, Defendants in the 286 and 376 Actions filed motions to stay discovery. FAC ¶¶ 64; 66. Additionally, Accenture and its counsel filed motions for protective orders in both cases, in light of Plaintiff's noticed deposition of Accenture and its counsel. FAC ¶¶ 65; 67. The Court granted the motions for protective orders in both cases, temporarily staying discovery pending resolution of the motions to stay discovery. FAC ¶ 76.

Frustrated by his inability to get the discovery he sought in the 286 and 376 Actions, the FAC alleges that "[o]n April 9, 2026, Plaintiff transmitted to NCMEC's Legal Department a letter" which "identified the 376 Action and the 286 Action " and "enclosed . . . draft subpoenas" addressed to NCMEC. FAC ¶ 55. The FAC alleges that "Schedule A to each draft subpoena" requested "a document sufficient to show whether NCMEC received or maintains any CyberTipline report concerning (1) Marvelle J. Ballentine, (2) Jay Ballentine, and/or (3) the account-level identifier jaychizza@icloud.com." FAC ¶ 56.

The FAC alleges that, "[o]n April 22, 2026," prior to Plaintiff formally serving the subpoenas on NCMEC, "Hall issued two letters on NCMEC letterhead;" one each for the 286 Action and the 376 Action, stating that "[i]n response to your subpoena . . . NCMEC has received two (2) CyperTipline reports concerning" the identifiers supplied by Plaintiff. FAC ¶¶ 69-71; 77. The FAC alleges that "[e]ach letter was addressed to Plaintiff alone" and was not sent to any other individual or filed in either the 286 Action or the 376 Action. FAC ¶ 79. The FAC alleges that NCMEC's letter "did not state that Meta . . . submitted either report, that either report concerned Plaintiff's Facebook account, or that either report" concerned the alleged disablement of Plaintiff's Facebook account. FAC ¶ 92.

Based on the FAC's allegations that (1) Meta was aware that Plaintiff had sent the proposed subpoenas to NCMEC (FAC ¶ 58); (2) Defendant Hall had access to the publicly filed documents in both the 286 and 376 Actions (FAC ¶ 61); (3) Meta and the other Defendants moved to stay discovery in the 286 and 376 Actions on April 21, 2026 (FAC ¶¶ 64; 66); and (4) Defendant Hall issued the correspondence at issue in this litigation on April 22, 2026 (FAC ¶ 69), the FAC concludes that Meta and NCMEC "reached an understanding that Hall would issue correspondence asserting the existence of CyberTipline reports associated with one or more of Plaintiff's identifiers," as explicitly requested by the subpoena, "while motions directed at the same discovery remained pending" in the 286 and 376 Actions. FAC ¶ 124. Plaintiff alleges that "[t]he purpose of the understanding" between Meta and NCMEC was to "deter Plaintiff . . . from continuing to attend the 376 Action and the 286 Action as a party." FAC ¶ 158.

Based on these allegations, the FAC raises two causes of action against Meta: (1) conspiracy to deter a party from attending and testifying in courts of the United States under 42 U.S.C. § 1985(2) (Count IV) and (2) Common Law Conspiracy (Count V). The FAC also

alleges causes of action for defamation, intentional infliction of emotional distress ("IIED"), and "insulting words" against NCMEC and Hall alone.

## III. LEGAL STANDARD

"To survive a motion to dismiss under Federal Rule 12(b)(6), a [p]laintiff must 'provide the grounds of his entitlement to relief,' including 'enough facts to state a claim to relief that is plausible on its face.'" *Schmidt v. Synchrony Bank*, No. 22-cv-344, 2022 WL 18635838, at *1 (E.D. Va. June 14, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining whether the complaint plausibly states a claim, the court may also "consider documents attached to the complaint, . . . as well as 'documents incorporated into the complaint by reference, and matters of which the court may take judicial notice.'" *Barry v. Novartis Pharms. Corp.*, No. 3:22-cv-196, 2022 WL 2373452, at *5 (E.D. Va. June 30, 2022) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Evid. 201; *In re Ironnet, Inc.*, No. 1:22-cv-449, 2023 WL 5110932, at *4 n.7 (E.D. Va. Aug. 9, 2023) (noting "U.S. government documents, and 'documents found on government websites' are 'the proper subject of judicial notice'" (citation omitted)).

"Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief." *Leggo v. M.C. Dean, Inc.*, No. 1:22-cv-374, 2023 WL 1822383, at *1 (E.D. Va. Feb. 7, 2023).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim Under Section 1985(2)

In relevant part, 42 U.S.C. § 1985(2) prohibits "two or more persons" from conspiring "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully."

42 U.S.C. § 1985(2). To establish a claim under the first clause of Section 1985(2)—the clause Plaintiff invokes here (FAC ¶ 11)—a plaintiff must allege (1) a conspiracy, (2) to deter attendance in court or testimony by force or intimidation and (3) injury to the plaintiff. *See Glynn v. Impact Sci. & Tech., Inc.*, 807 F. Supp. 2d 391, 422 (D. Md. 2011). Plaintiff fails to sufficiently plead a single element.

### 1. ***Plaintiff Fails to Plausibly Allege Any Agreement***

To start, the FAC fundamentally fails to plausibly allege a conspiracy between Meta and either NCMEC or Hall in non-conclusory terms. Under Fourth Circuit law, to allege a conspiracy, a plaintiff "must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citation omitted). To establish a conspiracy, "[t]he factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." *Id.* The pleading burden for such claims are high—the Fourth Circuit has noted that it has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

Here, the FAC's allegations of an agreement between Meta and the NCMEC Defendants are exactly the type of conclusory allegations that do not plausibly suggest an agreement. Indeed, the FAC does not even allege parallel conduct; it alleges contradictory conduct—namely, that Meta engaged in motion practice on April 21, 2026, to try to prevent the exact discovery that Hall and NCMEC provided on April 22, 2026. FAC ¶¶ 127; 130. Based solely on these contradictory actions, and Meta's alleged knowledge of the subpoenas and the NCMEC Defendant's alleged knowledge of the 286 and 376 Actions, the FAC jumps to the conclusion that Meta conspired with

the NCMEC Defendants to have Hall issue correspondence asserting the existence of CyberTipline reports associated with one or more of Plaintiff's identifiers. FAC ¶¶ 137-38.

This plainly does not suffice to meet Plaintiff's burden to plead an agreement. *See, e.g.*, *Johnson v. Henrico Cnty Bd. of Supervisors*, 751 F. Supp. 3d 627, 647 (E.D. Va. 2024) (dismissing conspiracy claim as "'highly conclusory" where plaintiff alleged defendants conspired to harass him, noting that "the fact that a bus drove by his property when he was there and honked" is merely "parallel conduct that does not adequately support an allegation of conspiracy"). Even putting aside the contradictory nature of Meta's and the NCMEC Defendant's conduct (with Meta seeking to stay discovery and NCMEC providing it), the coincidental timing of the joint motion to stay discovery and the NCMEC letters is perfectly consistent with independent, non-conspiratorial conduct. As Plaintiff notes, Meta (and the co-defendants in the relevant actions) filed the joint motion to stay discovery on April 21 in part to halt the "imminent" depositions Plaintiff noticed, which were scheduled for April 28-30. FAC ¶ 128. In turn, NCMEC's response to Plaintiff was sent roughly two weeks after Plaintiff sent NCMEC the subpoena, a reasonable amount of time for NCMEC to review the subpoena's discrete request and collect responsive information. FAC ¶¶ 126; 130. Especially in light of these reasonable explanations for the parallel timing, Plaintiff's conclusory assertion that the filing of the joint motion to stay discovery and NCMEC's letter must be the product of an agreement is untenable. *See, e.g.*, *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700, 712 (E.D. Va. 2009) (dismissing conspiracy claims where "[n]othing in the [complaint] elevates the allegations from possible parallel conduct to an indication that there was an actual meeting of the minds"); *see also Azimi v. Zug*, No. 3:25-cv-00041, 2026 WL 701680, at *5 (W.D. Va. Mar. 12, 2026) ("The Fourth Circuit has instructed that '[a]llegations of parallel

conduct and a bare assertion of a conspiracy are not enough for a claim to proceed.'" (quoting *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016))).

#### 2. ***Plaintiff Fails to Allege Any Use of "Force, Intimidation or Threats," Much Less to Deter his Lawsuits***

Plaintiff also fails to allege *any* "use of force, intimidation or threats" by Meta or others, much less any such use of force, intimidation, or threats intended to deter Plaintiff from continuing participation in his various lawsuits, as is necessary to state a Section 1985(2) claim. *See Kegege v. Breitenstein*, No. 20-1066, 2025 WL 2306528, at *3 (D. Md. Aug. 11, 1025) (quoting *Scott v. Mountain Mission Sch., Inc.*, 809 F.2d 786, 1987 WL 36169, at *2 (4th Cir. 1987)).

Here, Plaintiff alleges only that the NCMEC Defendants responded to subpoenas that he sent them and provided him with exactly what he asked for, albeit allegedly prematurely. *Compare* FAC ¶¶ 55-56 (admitting he "transmitted . . . Advanced Notice of Intended Subpoenas" that requested "a document sufficient to show whether NCMEC received or maintains any CyberTipline report concerning" two variations of his name and his email address), *with id.* ¶ 77 (admitting that NCMEC provided two letters that provided exactly that information). That is not a threat, it is professional courtesy. And the FAC does not allege that Meta communicated with Plaintiff at all regarding the subpoenas or NCMEC's responses. *See* FAC ¶¶ 158-64. Accordingly, Plaintiff's failure to identify any force, intimidation, or threats by anyone is independently fatal to his Section 1985(2) claim. *See Glynn*, 807 F. Supp. 2d at 422 (dismissing Section 1985(2) claim premised on defendant allegedly "pursu[ing] its counterclaims against [plaintiff] in a retaliatory and heavy-handed manner" because "legal claims possessing a reasonable basis . . . do not constitute the 'force or intimidation' necessary to satisfy § 1985(2)" (citation omitted)); *see also Grezak v. Ropes & Gray, LLP*, No. 3:15-CV-02111, 2018 WL 4289338, at *14 (M.D. Pa. May 16,

2018) (allegation that defendant "left a phone call" with Plaintiff which "made [plaintiff] nervous to attend" court proceeding was insufficient to allege claim under Section 1985(2)).

### 3. *Plaintiff fails to plead injury*

Even assuming that Plaintiff could theoretically be injured by receiving discovery that he himself requested, Plaintiff fails to plead any facts showing that the discovery actually impacted his ability to testify or pursue his claim. To sufficiently plead injury for a Section 1985(2) claim, Plaintiff needs to plead facts that show "he was actually hindered from providing truthful testimony or that the intimidation had any impact at all on his potential testimony or the federal proceeding." *Kimberlin v. Hunton & Williams LLP*, No. GJH-15-723, 2016 WL 1270982, at *6 (D. Md. Mar. 29, 2016); *see also Kegege*, 2025 WL 2306528, at *3 (dismissing §1985(2) claim because none "of the alleged conduct . . . can be fairly construed to constitute deterring court attendance or testimony . . . or injuring someone for having attended or testified in court"). Here, Plaintiff does not and cannot do so.[1] Indeed, Plaintiff admits he continued to pursue both actions, FAC ¶ 178, and his conclusory allegation that he did so "at materially diminished capacity" has no factual support. *Id.* Indeed, judicially noticeable documents show that he has continued to aggressively pursue both actions.[2]

Because the FAC fails to plausibly allege that any of Meta's alleged conduct was intended to unlawfully deter from pursuing his claims against Meta, his Section 1985(2) claim fails.

---

[1] Moreover, to the extent that "attending [federal] court" for purposes of Section 1985(2) is interpreted as requiring physical presence at a court proceeding, and not merely the filing of a lawsuit, Plaintiff's Section 1985(2) claim would fail for that reason as well. *See, e.g.*, *Ho v. City of Long Beach, Pub. Works*, No. 2:19-cv-09430, 2020 WL 695887, at *9 n.6 (C.D. Cal. Jan. 15, 2020) ("[T]o the extent § 1985(2) requires Defendants to have acted to deter Plaintiff from . . . attending . . . an actual proceeding, then Plaintiff cannot state a claim, because the prior action was dismissed without any such proceedings.").

[2] In the 376 Action, following transfer to the Northern District of California, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, which the Court granted, and Defendants there have once again moved to dismiss his Second Amended Complaint. *Ballentine 2*, Dkt. Nos. 141, 151, 152. In the 286 Action, following the court's dismissal of Plaintiff's Complaint for failing to comply with a standing order, Plaintiff appealed the dismissal to the 11th Circuit and has already filed his opening brief. *See Ballentine 3*, Dkt. Nos. 80, 82.

**B. <u>Plaintiff's Common Law Conspiracy Claim Fails</u>**

Plaintiff's claim for common law conspiracy against Meta fails for similar reasons. To state a claim for common law conspiracy under Virginia law, "a plaintiff must allege sufficient facts to show (1) an agreement between two or more persons (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (3) results in damage to the plaintiff." *Adkins v. Whole Foods Mkt. Grp., Inc.*, No. 1:16-cv-00031, 2016 WL 1367170, at *2 (E.D. Va. Apr. 5, 2016). "[T]o satisfy the 'unlawful' element" under Virginia law "at least one member of the conspiracy must commit an 'underlying tort.'" *Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp 3d 590, 624 (E.D. Va. 2024) (quoting *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007)).

First, as was the case for his Section 1985(2) claim, Plaintiff's common law conspiracy claim fails because he fails to allege any non-conclusory facts showing an agreement between Meta and the NCMEC Defendants sufficient to plausibly allege a conspiracy. *See supra* at Section IV.A.1; *Moschetti v. Nixon Peabody, LLP*, No. 3:23-cv-389, 2024 WL 2750010, at *12 (E.D. Va. May 29, 2024) (dismissing common law conspiracy where "the Complaint lacks factual allegations of an agreement between the conspirators" and is instead "littered with conclusory language"); *Johnson v. Kaugars*, 14 Va. Cir. 172, 1988 WL 619378, at *3 (Va. Cir. Ct. 1988) ("[I]t is not enough merely to state that a conspiracy took place.").

Second, Plaintiff also fails to allege the requisite unlawfulness for his common law conspiracy claim because the FAC fails to adequately allege any underlying tort. *See Am. Airlines, Inc. v. Shahi World & Travels, LLC*, No. 1:20-CV-17, 2023 WL 3952332, at *8 (E.D. Va. June 12, 2023) (holding that conspiracy claims require "proof that an underlying tort was committed" (citation omitted)). Even setting aside that Plaintiff has failed to plead any overt act by Meta or

any conspiracy with NCMEC or Hall, Plaintiff's conspiracy claim fails because he fails to adequately plead either defamation claim against NCMEC and Hall, which are the alleged predicate torts. *See* FAC ¶¶ 246-51 (identifying Counts I and II as the alleged underlying torts).

Plaintiff's common law conspiracy claim identifies the FAC's defamation claims as its predicate torts. *See* FAC ¶ 246. But, as explained in NCMEC and Hall's Motion to Dismiss, the alleged defamation claims fail for multiple independent reasons. *See* Dkt. No. 11. Among other reasons, the defamation claims are barred by the litigation privilege because Plaintiff's claims seek to impose liability based on information contained in a response to subpoenas. *See Lindeman v. Lesnick*, 268 Va. 532, 537 (2004) (holding that the litigation privilege "is broad in scope and applies to communications made in proceedings pending in a court"). And, the NCMEC Defendants also have statutory immunity from Plaintiff's defamation claims pursuant to 18 U.S.C. § 2258D. *See* 18 U.S.C. § 2258D (barring "civil claim[s] . . . against NCMEC, including any director, officer, employee, or agent of NCMEC, arising from the performance of the CyberTipline responsibilities or functions").

Because the FAC fails to plausibly allege the existence of any conspiracy to accomplish an unlawful purpose or to accomplish a lawful purpose through an unlawful means, and fails to plausibly allege any underlying tort, Plaintiff's common law conspiracy claim fails.

## V. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court dismiss the FAC with prejudice.

Dated: August 21, 2026

Respectfully submitted,

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com

*Counsel for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused DEFENDANT META PLATFORMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS to be electronically filed using the Court's CM/ECF system, and also caused a copy of the foregoing to be emailed and mailed via First Class U.S. Postal Mail, postage prepaid to *pro se* plaintiff at the following address.

Marvelle J. Ballentine
1520 Belle View Bld., Ste. 5847
Alexandria, VA 22307
jayballentine@protonmail.com

This 21st day of August, 2026.

By: */s/ Jesse Beringer*

Jesse Beringer
Virginia State Bar No. 88418
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: +1 202 339 8400
F: +1 202 339 8500
jberinger@orrick.com