UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLE J. BALLENTINE,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC., et al.,<br>Defendants. | Case No. 26-cv-05939-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 152 |

Marvelle J. Ballentine filed this race discrimination action against Meta Platforms, Inc., after it allegedly interfered with his ability to find customers on Facebook for his recreational vehicle repair business.[1] Meta now moves to dismiss Ballentine's Second Amended Complaint. For the reasons stated below, the motion to dismiss is **GRANTED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

Ballentine has failed to state his sole claim, a violation of 42 U.S.C. § 1981, because he has not plausibly alleged that any adverse action against him was based on his race. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (explaining that Section 1981 claims require allegations of "intentional discrimination on account of race"). Ballentine alleged that Meta knew he was a Black man, and that Meta restored five White Facebook users' accounts, but did

[1] Ballentine's First Amended Complaint alleged that Meta terminated his account for violating its policy against child exploitation material (Dkt. No. 19 ¶¶ 1, 6–7), but his Second Amended Complaint omitted the deactivation allegation, instead only alleging that he received a Notice that somehow interfered with his ability to contract with customers on Facebook (Dkt. No. 141-2 ¶¶ 1, 44.) Although the parties dispute whether the termination admission can be considered now, it is not necessary to resolve that dispute because the Second Amended Complaint fails to state a claim regardless of whether the admission is considered.

not restore his account. (Dkt. No. 141-2 ¶¶ 58–63, 82.) However, he did not allege any facts to show that he is similarly situated to the White users. Indeed, he hardly alleges any facts about the other users at all, besides the cryptic statements that they received notices "arising from identified factual predicates attributed to" them, and that two of them had the "same external-reporting attribute . . . as Plaintiff's Notice." (Dkt. No. 141-2 ¶ 58, 59.) The unexplained allegation about a shared "external-reporting attribute" does not make his discrimination allegations plausible. *See Gray v. Apple Inc.*, No. 16-cv-04421-HSG, 2017 WL 1709327, at *3 (N.D. Cal. May 3, 2017) (dismissing Section 1981 claim where plaintiff alleged that a White customer was able to return merchandise while he was not, because plaintiff did not "allege sufficient detail . . . to plausibly support an inference that Plaintiff's race triggered Defendant's treatment of him").

Ballentine also does not allege any facts showing that any Defendant was "markedly hostile" towards him, or any other facts that would lead to the plausible inference that any Defendant intentionally discriminated against him. *See Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2012 WL 1534913, at *2 (N.D. Cal. Apr. 30, 2012) (explaining that a plaintiff may allege intentional discrimination by alleging that "(a) he was deprived of services while similarly situated persons outside the protected class were not and/or (b) he received services in a markedly hostile manner and in a manner in which a reasonable person would find objectively discriminatory" (citation and internal quotation marks omitted)). In sum, Ballentine has failed to allege intentional discrimination, and so his claim for a violation of Section 1981 is dismissed. Because the Court resolves the motion to dismiss on this basis, it declines to address the parties' remaining arguments.

Thus, the motion to dismiss is **GRANTED** and the second amended complaint is **DISMISSED**. Ballentine has amended his complaint multiple times, and was already put on notice of this deficiency in his complaint by the motions to dismiss his previous complaint, but

has not alleged facts to fix this deficiency. (Dkt. No. 85 at 15–18; Dkt. No. 96 at 10–13).[2] Thus, amendment would be futile, and so dismissal is **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: November 25, 2026

RITA F. LIN
United States District Judge

[2] Citations to page numbers refer to ECF pagination.